A. MOULTON McNUTT, ADMINISTRATOR, RESPONDENT,
v. ADAMS EXPRESS COMPANY, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

1. In an action to recover damages for injuries under section 1 of the
   Workmen's Compensation act, the plaintiff must aver and prove,
   in order to avoid the application of section 2 of the act, that
   there was an agreement in writing, or a written notice given
   prior to the accident, that the employe's contract of hiring was
   not made subject to section 2; otherwise all such contracts are
   to be presumed to have been made with reference to it.
2. It is not necessary to plead an existing legal presumption.

On appeal from the Camden County Circuit Court.

For the appellant, *Joseph H. Gaskill.*

For the respondent, *Joseph Beck Tyler.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff seeks to recover damages arising
from the death of his intestate resulting from an accident
while in the employ of the defendant, and rests his right on
section 1 of our Workmen's Compensation act. He has a
judgment entered on the verdict of the jury from which the
defendant has appealed. The plaintiff in his complaint avers
that the deceased was in the employ of the defendant; that
it was a part of the decedent's duty as employe to assist in

pulling a fire truck down an incline, in the ferry-house at
Camden, New Jersey, in case of a fire alarm, and in prepara-
tion for such duty to take part in a fire drill whenever re-
quired; that in performing this duty, under the order of the
defendant, he fell and suffered injuries which caused his
death. The plaintiff proved sufficient facts to support these
allegations. The answer of the defendant was a general denial
of the averments in the complaint, except that deceased was
in the employment of the defendant when the accident oc-
curred, which was admitted. At the opening of the case the
defendant moved for permission to amend its answer by
specifically averring that the contract of employment was
subject to section 2 of our Workmen's Compensation act be-
cause there was no express contract, or notice given, that the
agreement of employment was not made with reference to
the terms of section 2 of the act, but this the court denied.
At the close of plaintiff's case the defendant moved for a non-
suit, and at the close of the entire case asked for a direction
for the defendant upon the ground that there was no proof to
sustain the action under the first section of the act, upon
which the plaintiff replied, urging that where there is no
proof of an express contract, or of notice given which relieves
the plaintiff from the effect of section 2, the exclusive juris-
diction to determine the compensation to an employe for in-
juries arising out of and in the course of the employment was
vested in the Court of Common Pleas when the accident, the
basis of this suit, happened. The statute has since been
altered (*Pamph. L.* 1918, *p.* 429), establishing the Work-
men's Compensation Bureau, which was amended. *Pamph.
L.* 1919, *p.* 200. The only question presented by this record
is whether, on July 24th, 1917, the date of the injury of
plaintiff's intestate, the plaintiff, as administrator of the in-
jured employe, can maintain an action under section 1 of the
Workmen's Compensation act without showing that his con-
tract of employment is not governed by section 2, because
there was an express contract to the contrary, or that the re-
quired notice had been given. Section 9 of the Workmen's
Compensation act (*Pamph. L.* 1911, *p.* 136) provides that

"every contract of hiring made subsequent to the time provided for this act to take effect shall be presumed to have been made with reference to the provisions of section 2 of this act, and unless there be as a part of such contract an express statement in writing, prior to any accident, either in the contract itself or by a written notice from either party to the other, that the provisions of section 2 of this act are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 of this act, and have agreed to be bound thereby." Some testimony was taken upon the question of whether defendant should be allowed to amend its plea, and a witness testified that he had talked over the telephone with the claim agent of the defendant who said that the defendant did not work under section 2 of the Workmen's Compensation act. But this evidence was not introduced to sustain the issue, still if it had been, there is no proof that the person talking over the telephone had any authority to make any such statement, and if he had, it took place long after the accident and is not the contract or notice intended by the statute, for it was not expressed in any writing prior to the accident, or by a written notice. It is also urged by the plaintiff that a written receipt for wages, signed by the decedent, tended to show that his employment was casual. The receipt contained a notice that the employes of the company were not engaged for a particular length of time, and that the company reserved the right to terminate the service at pleasure; and the party executing the receipt agreed to accept the employment, subject to being discharged at any time. There is nothing in this writing which indicates that the person who executed it accepted a casual employment, for under it the services might continue for an indefinite period. The trial court refused the nonsuit, or to direct, principally upon the ground that it was for the jury to say whether the employment was casual or not, and instructed the jury that if it was casual then the plaintiff could not recover. We fail to find in this case any evidence that would justify an inference that the employment was casual. When the plaintiff instituted his action he was subject to the statutory presump-

tion that his intestate was, at the time of his death, working under a contract governed by section 2 of the compensation act, and could not recover under section 1 unless he was able to overcome that presumption by showing an express contract or a notice in writing made before the accident that section 2 did not apply. And the fact that the defendant did not plead the want of these requisites does not help the plaintiff, because it is not necessary to plead a presumption of law. *Bennington Iron Co.* v. *John Rutherford, Jr.*, 18 *N. J. L.* 105. The present case is substantially like that passed on by this court in *Gregutis* v. *Waclark Wire Works*, 86 *Id.* 610, in which Mr. Justice Trenchard says: "Since the complaint does not aver that the contract contained any express statement, in writing, that section 2 of the act was not intended to apply, nor that any written notice to that effect was given, it is presumed that the parties accepted and were bound by the provisions of that section." The effect of that case is, that in an action by an employe for injuries suffered in the course of, and growing out of, his employment, he must aver if he wishes to avoid the application of section 2 of the Workmen's Compensation act, an agreement in writing, or a written notice given, such as is required by the statute, and what he was bound to aver as a cause of action he must prove, and if he fails in this, he has not made out his right to recovery. Not having done that, in this case, defendant was entitled to a direction in its favor, and, therefore, the refusal to accede to the defendant's request was an error for which this judgment must be reversed, and it is so ordered.

*For affirmance*—MINTURN, J.   1.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.   12.