ROSE G. SMITH, ADMINISTRATRIX, RESPONDENT, v. IN-
TERNATIONAL HIGH SPEED STEEL COMPANY, AP-
PELLANT.

Argued November 22, 1922—Decided March 5, 1923.

On appeal from the Supreme Court.

For the appellant, *Walter L. Glenney* and *R. Robinson
Chance.*

For the respondent, *Elmer King* and *Robert H. Schenck.*

PER CURIAM.

This action was brought to recover the pecuniary loss
sustained by the widow and next of kin of one Harvey D.
Slockbower, an employee of the defendant company. His
work was the polishing and boring of steel tubing, and his
death resulted from the breathing into his lungs of fine
particles of metallic and mineral substances which were
thrown into the air as a result of that work, thereby causing
a congested and diseased condition, from which he finally
died.

The appeal is rested solely upon the proposition that the
Workmen's Compensation law of this state provides the
exclusive remedy for a death resulting from the cause we
have indicated.

This proposition was submitted to Mr. Justice Bergen on
a motion to strike out the complaint in the cause, and was
decided adversely to the present appellant's contention, for
reasons stated in the following formal opinion which was
rendered by the justice: "The averment of the complaint
in this case is that plaintiff's intestate was in the service of
the defendant and employed to polish steel by using an
emery wheel which caused fine particles of metallic and
mineral substances to be thrown into the air where the em-

ployee was working, and by breathing carried into his lungs, causing them and his bronchial tubes to be filled with metallic substances producing a diseased and injured condition from which he died. There was also an averment that the service continued from July 1st, 1918, to June 5th, 1920. There is no averment of the happening of any occurrence in the nature of an accident, but, on the contrary, that through defendant's negligence in causing him to work in an atmosphere impregnated with metallic particles, he suffered an injury not the result of an accident. The defendant says the complaint is bad because under the Workmen's Compensation act all injuries are to be recovered under it, unless service under section two is protested. This is true, but the injury must refer to such cases as are subject to the statute. I think a disease, such as is described in the complaint, is not the result of an accident, and that a recovery for injuries therefrom is not confined to the Workmen's Compensation act. Where no specific time can be fixed when an accident is claimed to have occurred there is no accident within the meaning of the compensation act. *Liondale Bleach Works* v. *Riker,* 85 *N. J. L.* 426. The injury not falling within the Compensation act the common law remedy is not affected by it. The motion to strike out will be denied with costs."

We concur in the views expressed in that opinion, and affirm the judgment appealed from for the reason stated therein.

*For affirmance* — The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Kalisch, Black, Katzenbach, White, Gardner, Ackerson, Van Buskirk, JJ. 12.

*For reversal*—None.