ELIZABETH ATCHISON, PETITIONER-DEFENDANT, v. COLGATE & COMPANY, PROSECUTOR.

Submitted March term, 1925—Decided April 24, 1925.

**Workmen's Compensation—Injury Resulting From Fall Causing Paresis, or Paresis Causing Fall—Evidence Sufficient to Justify Compensation Commissioner in Concluding Fall Caused Injury—Defendant Fails to Sustain Burden of Proof That Injury was Result of Previous Condition of Employe.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Wall, Haight, Carey & Hartpence.*

For the defendant, *James R. Erwin.*

PER CURIAM.

This is a workmen's compensation case. The meritorious question involved is a question of fact.

There was an award by the deputy compensation commissioner, in the workmen's compensation bureau, of $3,362.56, for the death of William Joseph Atchison, which, on appeal, was affirmed by the Hudson Court of Common Pleas, and $350 allowed the attorney of the defendant in that court. The *certiorari* was allowed to review that judgment. The prosecutor files seven reasons for setting aside the award and the judgment based thereon.

The undisputed facts show that William Joseph Atchison had been in the employ of the prosecutor for some years as a

laborer; that on October 26th, 1922, at about six forty-five
P. M., while wheeling a hand truck, helping to unload a
freight car, down an incline gang plank, and on the return
trip to the car with the empty truck he fell from the gang
plank to the sidewalk, some four feet, and was picked up
dazed or semi-unconscious. No one saw him fall. He died on
March 2d, 1924. During his lifetime Colgate & Company
paid compensation, amounting to $825.88, under a belief, as
the company says, that the paresis from which Atchison died
resulted from the fall, but, as they now assert, the fall was
the result of the paresis, which was neither caused nor ac-
celerated by any injury or strain sustained while in the
employ of the company. The prosecutor, to sustain its posi-
tion, relies upon the testimony of three doctors called as
witnesses, Dr. Arthur P. Hasking, Dr. Henry A. Cotton, Dr.
George W. King. The defendant relies in answer upon the
testimony of Dr. John A. Botti. Robert J. Blair, who was
coming up out of the cellar, and Alexander Hallyburton,
who was in the car at the time, were called as witnesses.
Hallyburton heard the truck fall; he got down and picked
Atchison up, when Blair immediately came; Blair took At-
chison upstairs and changed his clothes. From this testi-
mony it is legitimate to conclude, as the deputy commis-
sioner did conclude, that the accident to Atchison arose out
of and in the course of his employment. If the prosecutor
seeks to avoid liability for a cause for which it is not respon-
sible, the burden of proof is on the employer to show such
cause. The evidence does not satisfy us of that fact. The
question is, whether the fall preceded the seizures and caused
an acceleration of a pre-existing disease, which resulted in a
general decline to death or whether the disease caused the
fall? The testimony is returned in the printed book with
the writ and the findings of the deputy commissioner. It
would serve no useful purpose to restate the testimony. We
think there is sufficient evidence to justify the findings of
the deputy commissioner.

The judgment of the Hudson Court of Common Pleas will
therefore be affirmed.