DANIEL DAVID CARLTON, PETITIONER-PROSECUTOR, v. CELLULOID COMPANY, RESPONDENT-DEFENDANT.

Argued October 8, 1930—Decided October 17, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *David Roskein* and *Heine & Laird*.

For the defendant, *J. Glenn Anderson*.

PER CURIAM.

Daniel D. Carlton was awarded compensation under the Workmen's Compensation law. The commissioner found, and there was evidence to support his findings, that on three separate occasions, Carlton was injured by accidents arising out of and in the course of his employment.

The Essex Common Pleas Court on appeal reversed the commissioner's findings, saying in part: "The court rules that inasmuch as the petitioner-appellee knew the character of his employment and was employed with regular and unvarying duties over a period of time, there was an assumption of risk on the part of the petitioner-appellee."

The prosecutor, Carlton, seeks a review. The defendant has not favored us with brief of argument. An examination of the record shows that Carlton, who worked alone on the night shift in the retort room of the defendant's factory, attempted on January 20th, 1928, to fix a line running to the sewer. The line appeared to be clogged. In doing this work, the line broke and fumes of hydrochloric acid gas escaping knocked him against the wall. An immediate report was made to the foreman, who corroborates as to the existence of the leak. Carlton went home, and adduced medical testimony in support of his contention that he was injured by the gas fumes. On February 11th, 1928, there appeared to be an insufficient flow of water around the hydrochloric acid line, and Carlton in attempting to remedy the condition was again overcome by fumes which escaped because of the bursting of a pipe. Again the foreman corroborates as to the material facts. On February 20th, 1928, part of the apparatus in the retort room was not working properly and Carlton was again injured by escaping gas while adjusting a valve. The medical

testimony supports Carlton's contentions that the escaping gas was the cause of the injuries of which he complains.

We have no hesitancy in saying that the commissioner's findings of facts are supported by the testimony.

We are at a loss to understand what the Court of Common Pleas meant by concluding that the employe was barred by assuming the risks inherent or incident to his employment. The Workmen's Compensation act abolished this defense. Our conclusion is that the law and facts support the findings of the commissioner and do not support the findings of the Court of Common Pleas.

The judgment of the Court of Common Pleas of Essex county is therefore reversed.