GRACE JOHNSON, PETITIONER-DEFENDANT, v. ULSTER IRON WORKS, RESPONDENT-PROSECUTOR.

Submitted October term, 1930—Decided January 23, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the petitioner-defendant, *John C. Grimshaw.*

For the respondent-prosecutor, *Harley, Cox & Walburg.*

PER CURIAM.

The petitioner was the widow of Clarence Johnson, who was a puddler employed in defendant's iron works at Dover, New Jersey. Johnson, shortly before his death, was working at one of the furnaces. He was observed to be falling and died of cerebral hemorrhage.

There is no testimony of an accident. The man was last observed at his place of work. There was nothing unusual in the same or in the manner of the performance of his work. The cerebral hemorrhage might have preceded or followed the fall yet the most satisfying of the medical testimony indicated a poor heart condition of long standing.

The commissioner dismissed the petition on the theory that the petitioner had failed to establish proof of an accident. The Common Pleas Court reversed the findings of the commissioner and in so doing fell into error. This is a case where the proofs show no more than a fall at the usual place of work—not a fall from a platform. *Mountain Ice* v. *Durkin,* 6 *N. J. Mis. R.* 1113. There is no testimony that

deceased was doing anything different from that which he was called upon to do, and the usual appliances appear to have been in order. There is nothing to suggest an accident save Johnson's death. The medical testimony is as consistent with the theory of a cerebral hemorrhage causing the fall as with the theory that the fall caused the cerebral hemorrhage. Hence, the case is entirely lacking in evidence of an injury occurring from an accident and the findings of the commissioner were proper. *Atchison Co.* v. *Colgate & Co.*, 128 *Atl. Rep.* 598.

The judgment below is reversed.