GEORGE T. NEWELL, JR., INCORPORATED, A CORPORA-
TION OF NEW JERSEY, PROSECUTOR, v. THE WORK-
MEN'S COMPENSATION BUREAU OF THE STATE OF
NEW JERSEY, HOLDEN BY W. H. STUBB, ESQUIRE,
DEPUTY COMMISSIONER OF LABOR, RESPONDENT.

Decided November 12, 1931.

For the rule, *Crawford Jamieson*.

*Contra, V. Claude Palmer*.

BODINE, J. The compensation bureau awarded compensa-
tion from December 28th, 1928, to February 10th, 1931, a
period of one hundred and ten weeks and four days, at $20
a week.

Burton Kipple, age sixty-six, filed his application for com-
pensation. He based his claim upon the fact that while in
the course of his employment he raised a can of ashes and got
a sharp pain in his back.

Kipple having died before the hearing before the commis-
sioner, the only testimony of the occurrence is by a fellow-
workman, Peter Leone, whose pertinent testimony is as fol-
lows: "We got half way up the steps and he hurt his back.
He almost let go of the can but he held on to it, but almost
dropped it. I asked him if he could make it the rest of the
way up and he said he could. * * * *Q*. Did he come
back to work after that time? *A*. Yes, he worked about a

week, I guess, a week." The date of the occurrence is fixed as of December 24th, 1928. There was testimony that shortly thereafter the man did not work and suffered pain in his back.

The medical testimony, in behalf of the petitioner, was given by Dr. Eugene Coffee, an osteopath, who first attended the petitioner on May 11th, 1929. He found an ankylosis of the lower dorsal and upper lumbar vertebræ of the spine, and continued to give osteopathic treatments until November 2d, 1929, when he advised the petitioner that he could find possibly more help in other treatments. The doctor testified that the injury which he found could be due to a severe crushing strain.

The defendant called two witnesses: Dr. Maurice Charnock, who examined the petitioner on February 1st, 1929, and attributed his condition to a chronic arthritis of the spine due to a focal infection, and testified the condition had been of slow development and had existed prior to December 24th, 1928. He was corroborated by Dr. Richard B. Ernest.

The question is, therefore, whether there was sufficient proof of an accident arising out of and in the course of the employment to justify the finding of the commissioner. These findings are not to be lightly disturbed. *Mountain Ice Co.* v. *Durkin,* 144 *Atl. Rep.* 6; *Berman* v. *Levenstein,* 154 *Id.* 110.

The employer had, if there was an accident, the burden of proving that the back hurt because of the previously existing arthritis. *Atchison* v. *Colgate & Co.,* 128 *Atl. Rep.* 598. There was, however, not proof of an accidental occurrence beyond Leone's testimony referred to. Prosecutor contends that such testimony shows no accident. There is no proof that the man was doing anything unusual or that anything transpired save a complaint about a sore back while carrying the ashes from the cellar. It is suggested that this proof is as consistent with the prosecutor's theory that the man was a vicim of arthritis and had been such for a long time as with the petitioner's theory that an accident occurred when he suffered from a sharp pain in his back when he raised a pail of ashes. Dr. Coffee called the injury an ankylosis resulting

from a severe crushing strain, but the proofs show also that it could have been caused by arthritis.

It seems that on the proofs adduced the defendant is entitled to a writ. *Johnson* v. *Ulster Iron Works,* 153 *Atl. Rep.* 95.

A writ of *certiorari* will be allowed returnable before the court on the third Tuesday in January.