NORTH JERSEY FOUNDRY COMPANY, PROSECUTOR, v.
JOSEPH MACCHIARELLI, RESPONDENT.

Submitted October term, 1932—Decided April 11, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *James M. Dunn.*

For the respondent, *Salvatore D. Viviano.*

PER CURIAM.

This *certiorari* brings up for review a judgment entered
in the workmen's compensation bureau in favor of the
petitioner. The writ was allowed on March 5th, 1932, and
was directed to the compensation bureau. It commanded
the certification and return of a determination and judg-
ment entered on May 5th, 1931. The return shows the
entry of a determination and rule for judgment on May
5th, 1931, and a supplementary determination on June 12th,
1931. The transcript of the testimony was also returned,
and shows that the testimony of one of the witnesses was
taken on December 22d, 1931. Chapter 388 of the laws of
1931 (*Pamph. L.* 1931, *p.* 1217), providing that the judg-
ment of the compensation bureau shall be reviewable by
*certiorari* only, took effect on June 30th, 1931, while the
superseding act, chapter 25 of the laws of 1932 (*Pamph. L.*
1932, *p.* 38), providing for an appeal to the Court of Com-
mon Pleas, became effective March 21st, 1932. The right
of the prosecutor to have the judgment reviewed by *certiorari*
direct to the compensation bureau is not challenged by the

respondent, and that question therefore need not be considered. The sole ground of attack is that the judgment is contrary to the weight of the evidence.

The prosecutor employed respondent as the operator of a foundry air gun. The air gun weighed about eighty pounds. There was a chisel attached. Respondent claimed that on August 21st, 1930, while using this instrument to level a piece of cast iron, the chisel slipped, and thereby he lost his firm control of the instrument, and in an effort to prevent injury to a fellow-employe he wrenched his left wrist. The condition which respondent insisted was the immediate result, was diagnosed as a sprain by the physicians. He had been employed in this capacity for two or three months prior to the date of the accident, and it is the prosecutor's contention that the condition of which he complained was due "to the constant vibration of the air gun," and not to an accident which arose out of and in the course of the employment.

Counsel relies upon the rule laid down by Mr. Justice Swayze in *Liondale Bleach, Dye and Paint Works* v. *Riker,* 85 *N. J. L.* 426; 89 *Atl. Rep.* 929, that where no specific time or occasion can be fixed upon as the time when the alleged accident happened, there is no "injury by accident" within the meaning of the Workmen's Compensation act.

The evidence, in our judgment, supports the conclusion of the deputy commissioner that respondent's condition was the result of an accident suffered while he was using the air gun at the stated time. He made immediate report of the accident to his superior, who applied iodine and bandaged the wrist, and directed him to report for treatment at a hospital. The wrist was then in a swollen condition. One of the prosecutor's physicians, Dr. Irving, diagnosed the condition as a sprain of the wrist. Another physician, Dr. Ciccone, made the same diagnosis. Prosecutor argues that the respondent did not claim that he had suffered an accident, but the hospital record, made under the supervision of one of the prosecutor's physicians, Dr. Irving, states that the respondent "hurt wrist while trying to prevent piece of

machinery from slipping." One of the prosecutor's physicians, Dr. Hollingsworth, diagnosed the condition as arthritis, but there was evidence that this condition, if it existed, was inactive, and there was therefore a basis for the inference that it was aggravated and rendered active by the injury resulting from the accident.

In our opinion the conclusion of the commissioner rests upon a basis of rational inference, tantamount to legal proof of the fact. *Manziano* v. *Public Service Gas Co.*, 92 *N. J. L.* 322; 105 *Atl. Rep.* 484. That being the case the judgment should not be disturbed.

The judgment of the compensation bureau will therefore be affirmed, with costs.