BERGEN COUNTY COURT OF COMMON PLEAS.

JOHN M. BALLINGER, PETITIONER-APPELLANT, v. WAGA-RAW BUILDING SUPPLY COMPANY, RESPONDENT-APPELLEE.

Decided June 27th, 1938.

For the petitioner-appellant, *Nathan Rabinowitz*.

*Contra, Kalisch & Kalisch.*

DELMAR, C. P. J.  A petition was filed in this cause alleging that on or about July 1st, 1936, the appellant suffered an accident arising out of and in the course of his employment with the appellee; that while working on a machine making building blocks, composed of sand, ashes and cement, sand and stone entered a mole on his left foot, causing an irritation which produced a melanoma.  The appellee denied that there was any accident.  After a formal hearing the Workmen's Compensation Bureau found "that the condition is purely occupational and is not the result of an accident arising out of and in the course of employment," and dismissed the petition.  From this determination of the bureau the petitioner appealed to this court.

The appellant contends, first, that the only point at issue is whether or not the petitioner's condition was the result of occupational disease or an accident or accidents; *i. e.*, if not an occupational disease, that the petitioner should recover on the theory of an accident; second, that the appellant's disease was, in fact, caused by an accident; third, that if the appellant's disease was not due to a single accident, it was due to a series of them, and is therefore compensable.

The respondent contends that the appellant's disease was caused by the continuing daily irritation of a mole on his left foot over a long period of time; that no definite time was fixed by the testimony when an accident occurred; that, in fact, the petitioner did not suffer as the result of an accident, and therefore cannot recover.

I find from the evidence that the appellant was employed by the respondent continuously from the month of April, 1935, until the month of August, 1936, at which time he was compelled to stop work by reason of his physical incapacity; that during such time his occupation required him to attend a machine used for making cement blocks; that sand and ashes used in making these blocks were fed to the machine by a chute from the floor above, and that in the operation of the machine a quantity of the mixture was continually thrown off, some of it being deposited in the shoes of the appellant, by reason whereof he was obliged to empty them as often as twice a day; that prior to the month of July, 1936, the appellant apparently enjoyed good health; that from birth he had on the outer aspect of the instep of his left foot, in the mid-metatarsal region, about an inch above the little toe, a dark pigmented mole, about the size of a dime. This mole was of a non-malignant character, and never caused the appellant any trouble until the month of July, 1936, at which time, or during the following month, it turned into or was replaced by a melanoma, which was removed by operations during the following August and September.

It is for the incapacity caused by this disease that the appellant claims compensation, and which he attributes to an

accident which he says occurred on July 15th, on which day he suffered with severe pain in the afternoon; and after finishing his day's work, when he went to take his customary shower, in order to remove the sand from his feet, he found that his sock was stuck to his foot at the site of the mole, and there was a tan stain on the mole which looked to him like blood. Sand and ashes were stuck around it, and there was a scratch on it, about the size of the head of a pin.

Thereafter the mole started to swell and get red. The swelling persisted for several weeks, when it started to ooze, as the result of which he consulted a doctor, who sent him to the Paterson General Hospital, at which place he was examined by another doctor. He remained in the hospital for three days, and an operation was performed on him for the purpose of removing the melanoma which had formed at the site of the mole. Not long afterward a second and more extended operation was performed, which operation was supplementary to the first, and resulted in the removal of considerable tissue.

There is the usual conflict of medical testimony as to the cause of the melanoma.

I find that the weight of the medical testimony is that the melanoma was caused by sand constantly irritating the mole over a considerable period of time. There is no evidence that any more sand came into contact with the mole on July 15th than on any other day previous or subsequent thereto. It is just as probable that the region of the mole had commenced to swell by reason of sand irritating the mole on previous days, and that the pain felt on July 15th was only a symptom of a pre-existing condition, as it is that the sand coming into contact with the mole on that day caused the condition complained of.

There is no satisfactory evidence as to when the mole turned into a melanoma. There is no evidence that the sand coming into contact with the mole on July 15th was the cause of the melanoma.

I think it is a reasonable inference that the breaking of the skin on July 15th was caused by a swelling of the foot

pressing against the shoe, causing the sand in the shoe to break the skin, and that this swelling is evidence of the pre-existence of a melanoma; in other words, that the melanoma had at that time already developed to a point where it caused the foot to become swollen, and therefore that the condition observed by the appellant on July 15th was the first apparent symptom of a disease from which he was already suffering.

I find, therefore, that the appellant has failed to prove the happening of an accident on July 15th, by a preponderance of the probabilities.

Counsel for both sides are in agreement that the petitioner's condition was either the result of an occupational disease or an accident. I do not find that this is so.

The Workmen's Compensation act provides for compensation in two classes of cases; first, where there has been an accident; and, second, in certain types of occupational diseases specifically provided for in the act. If the employe suffers from disease caused by an accident, he may recover compensation for the disability due to the disease. There is a class of cases, however, in which the employe suffers from disease contracted during the course of his employment, for which no compensation is provided in the act. Such a case is *Martin* v. *Manchester Corp., Gordon's W. C. Rep.* (1912) 289, where a porter employed in an infectious disease hospital contracted scarlet fever, and it was held his condition was not caused by an accident. See, also, *Finley* v. *Guardians, 7 B. W. C. C.* 973, where the employe contracted typhoid fever from handling sewage; held, not compensable; and *Meise* v. *Household Laundry Corp., 7 N. J. Mis. R.* 372, decided by Workmen's Compensation Bureau, where a tumor resulted from constant rubbing of the petitioner's back; held, not compensable.

Having come to the conclusion that the appellant's condition was caused by the continued irritation of a mole on his foot, rather than as the result of an irritation on a particular date, I think he is barred from recovering compensation under the law as laid down in *Smith* v. *International High Speed*

*Steel Co.,* 98 *N. J. L.* 574; 120 *Atl. Rep.* 188, in which case our Court of Errors and Appeals unanimously approved of the interpretation of the law by Mr. Justice Swayze, in the case of *Liondale Bleach, Dye and Paint Works* v. *Riker,* 85 *N. J. L.* 426; 89 *Atl. Rep.* 929, to the effect that where no specific time can be fixed when an accident is claimed to have occurred, there is no accident within the meaning of the Compensation act.

In the Smith case the employe became diseased by inhaling fine particles of metallic and mineral substances thrown into the air where the employe was working.

In the Riker case the employe was affected with a rash caused by acids in the goods on which he worked.

In both cases the employes' diseases were undoubtedly caused by the conditions surrounding their work, and may be said to have arisen out of and in the course of their employment. Both cases hold that there was no accident within the meaning of the Workmen's Compensation act, having adopted with approval the ruling of the English courts, that there is no injury by accident within the meaning of the act where no specific time or occasion can be fixed upon as the time when the alleged accident happened. This definition of an accident has never been departed from in this state.

It has been recognized and approved in the following cases: *Meise* v. *Household Laundry Corp., supra; Downing* v. *Oxweld Acetylene Co.,* 112 *N. J. L.* 25; 169 *Atl. Rep.* 709 (decided by the Supreme Court in 1933), where the workman became diseased because of exposure to noxious gases; held not compensable. *United States Radium Corp.* v. *Globe Indemnity Co.,* 13 *N. J. Mis. R.* 316; 178 *Atl. Rep.* 271; affirmed by the Court of Errors and Appeals, 116 *N. J. L.* 90; 182 *Atl. Rep.* 626 (decided in 1936). In this case the employe suffered from radium poisoning directly connected with his employment. *Lancaster* v. *Mutual Chemical Company of America,* 15 *N. J. Mis. R.* 744; 195 *Atl. Rep.* 515 (decided by the Workmen's Compensation Bureau in 1937); cancer caused by chrome poisoning; held not com-

pensable. *Szalkowski* v. *Osborne*, 9 *N. J. Mis. R.* 538; 154 *Atl. Rep.* 611 (affirmed by the Court of Errors and Appeals in 1936), 116 *N. J. L.* 93; 182 *Atl. Rep.* 632. This rule was also referred to in the case of *North Jersey Foundry Co.* v. *Macchiarelli*, 11 *N. J. Mis. R.* 281; 165 *Atl. Rep.* 578 (decided by the Supreme Court in 1933), in which compensation was allowed because the evidence showed a definite time when an accident had occurred.

The appellant cites a number of cases in addition to the foregoing in support of his contention that compensation will be allowed in cases where there was no accident in the ordinary sense of the word and where no definite time could be fixed when it could be said that an accident had occurred, compensation being allowed nevertheless. These cases, however, may be classified as those in which the employe was exposed to extreme conditions of heat and cold in the course of his employment, the test being whether the employe was exposed to a different risk than the public generally. See *Long* v. *Canadian Car and Foundry Co.*, 41 *N. J. L. J.* 118, decided by the Bergen County Common Pleas Court, a case of pneumonia caused by exposure while the workman was running away from an accidental explosion; *Kauffeld* v. *Pfund* (*Court of Errors and Appeals*), 97 *N. J. L.* 335; 116 *Atl. Rep.* 487, a sunstroke case; *Sullivan* v. *Clark* (*Workmen's Compensation Bureau*), 3 *N. J. Mis. R.* 924, a frostbite case; *George* v. *Edward M. Waldron, Inc.* (*Court of Errors and Appeals*), 111 *N. J. L.* 4; 166 *Atl. Rep.* 166, a sunstroke case; *Berinato* v. *Harper* (*Workmen's Compensation Bureau*), 15 *N. J. Mis. R.* 53; 188 *Atl. Rep.* 744, disease caused by exposure; *Matthews* v. *Woodbridge* (*Supreme Court*), 14 *N. J. Mis. R.* 143; 183 *Atl. Rep.* 150, frostbite case; *Richter* v. *Du Pont*, 118 *N. J. L.* 404; 193 *Atl. Rep.* 194; *affirmed*, 119 *N. J. L.* 427; 197 *Atl. Rep.* 276, pneumonia caused by exposure. In all of these cases the exposure to the unusual degrees of heat or cold was at a specified time, fixed by the evidence. This line of cases is clearly distinguishable from the one under consideration.

The appellant further contends that the burden of showing that his condition was not the result of an accident on July 15th was upon the respondent, citing *Atchison* v. *Colgate, 3 N. J. Mis. R.* 451; 128 *Atl. Rep.* 598; *affirmed, 102 N. J. L.* 425; 131 *Atl. Rep.* 921, and *Newell* v. *Workmen's Compensation Bureau, 9 N. J. Mis. R.* 1123; 157 *Atl. Rep.* 243. The former case does not so hold, for in that case the injured employe sustained the burden of proving an accident coming within the statutes and the court's remarks were directed to an unsuccessful attempt on the part of the employer to avoid liability by showing that the fall suffered by the employe was caused by a disease. The latter case merely cites the former case with approval. The burden of proving his cause of action always rests on the petitioner. *Bryant* v. *Fissell, 84 N. J. L.* 72; 86 *Atl. Rep.* 458; *Geizel* v. *Regina Co., 96 N. J. L.* 31; 114 *Atl. Rep.* 328.

The appellant claims that the rule laid down in the Smith and Riker cases has been departed from, or at least modified, and in support of his contention cites *Cunliffe* v. *Deslaurie Column Mold Co., 5 N. J. Mis. R.* 1037; 139 *Atl. Rep.* 411, in which case compensation was allowed, where the injuries complained of were due to two distinct accidents happening about six months apart. However, there was a finding in that case by the Workmen's Compensation Bureau that the injuries were due to the latter accident, which finding was affirmed by the Common Pleas, and on *certiorari* by the Supreme Court. He also cites, in support of this contention, *Carlton* v. *Celluloid Co., 8 N. J. Mis. R.* 800; 151 *Atl. Rep.* 641, in which case the injuries were claimed to have been caused by three separate and distinct accidents occurring within a period of one month. Here it will be noticed that the incidents complained of were definitely accidents. The time of each accident was fixed, and the injuries were the result of the cumulative effects of the same.

If the appellant in this case could have definitely fixed two or three days on which he suffered traumas, and proved that his disease was caused by such traumas, his cause would be

similar to that considered in the Carlton case. The appellant's difficulty, however, is his inability to point with any degree of certainty to even one day on which any trauma occurred.

The appellant also cites a number of cases from other states which, however, are not controlling here; also cases in the federal courts arising under statutes in other states. These cases also are not controlling because the federal courts are bound to adopt the construction of such statutes by the state courts.

The judgment of the Workmen's Compensation Bureau will, therefore, be affirmed, with costs.