GRIFFITH DAVIES, PETITIONER-RESPONDENT, v. ONYX OIL & RESIN COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 4, 1943—Decided August 10, 1943.

Before BROGAN, CHIEF JUSTICE, and Justice BODINE.

For the petitioner-respondent, *Green, Yanoff & Brawer* (*Joseph H. Lerner* and *Leo Yanoff,* of counsel).

For the respondent-prosecutor, *Cox & Walburg* (*Arthur F. Mead,* of counsel).

PER CURIAM.

This is an application for *certiorari* in review of a judgment in a workman's compensation case. The petitioner was awarded compensation in the Bureau. On appeal the determination of the Bureau was affirmed by the Essex County Court of Common Pleas. The employer applied to Mr. Justice Parker for *certiorari* to review the judgment of the Pleas. The application was denied. Hence the present application to the Supreme Court *en banc* for such writ.

The basis of the employer's position in pursuit of the writ is that the petitioner did not suffer an injury by accident within the meaning of the Workmen's Compensation Act but rather that he incurred an industrial disease. The employer was a "mixer and cooker" of wood and gum resin which with the addition of glycerin and mineral spirits were used in manufacturing a chemical product known as acrolein, whose fumes are an irritant to the nose and throat but which in this particular instance visited serious injury to the petitioner's respiratory system.

Two independent fact-finding tribunals, that is, the Bureau and the Pleas, found proof of facts sufficient for the conclusion that the employee suffered an "accident" within the meaning of the statute and our applicable cases of which *Bollinger* v. *Wagaraw Building Supply Co., 122 N. J. L.* 512; *Mecca* v. *Phoenix Brass Fittings Co., 124 Id.* 6, are typical. The rejection of the application for *certiorari* in the first instance rather impels the belief that Mr. Justice Parker concluded that there was no debatable question of law or fact in the case and *allocatur* was refused. The findings of these statutory tribunals to which the statute entrusts this class of case for hearing and review, and the discretionary refusal of a single justice of this court to allow *certiorari,* should not, according to our cases, be lightly disturbed. (*Mountain Ice*

Co. v. *Durkin*, 6 *N. J. Mis. R.* 1111; *affirmed*, 105 *N. J. L.* 636; *Mong* v. *Samuel Dolinsky & Co.*, 119 *Id.* 547; *De Santis* v. *Turner Construction Co.*, 120 *Id.* 590; compare *Anderson* v. *Federal Shipbuilding and Drydock Co.*, 118 *Id.* 55, 56.) The legal question whether a compensable accident had occurred was necessarily based on the facts in proof and these facts were found adversely to the employer in each instance.

There is no evidence that the injury suffered was the result of an occupational disease. No testimony was offered that any other employee was similarly affected. The cooking process at which the petitioner worked and which affected him was done in an underground chamber; the liquor had been run off from a large container, which was outdoors; the process underground required ten hours for completion; the petitioner's responsibility required him to stir the mixture with a large paddle to prevent a settling or hardening; the stirring was done for a half hour period at intervals and he was engaged in stirring for at least four hours out of the ten. The attacks which brought on hemorrhages and ulceration of the respiratory area were diagnosed as sub-acute chemical bronchitis. Exposure to the fumes probably predisposed him to the condition which resulted. The attacks occurred on three occasions, roughly six months apart. It was reasonable to conclude, as the several tribunals did, that there were present the indicia of accident and not industrial or occupational disease. The contact with or density of the fumes on these occasions when he suffered as described were accidents. This was a legitimate conclusion from the facts in evidence.

The application for *certiorari* is denied, with costs.