QUENTIN DAWSON, PLAINTIFF-APPELLANT, v. E. J. BROOKS & COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Argued January 15, 1946—Decided March 4, 1946.

Before Brogan, Chief Justice, and Justices Parker and Oliphant.

For the plaintiff-appellant, *Parnell & Kreuger* (*Joseph Coult*, of counsel).

For the defendant-respondent, *Kellogg & Chance* (*R. Robinson Chance*, of counsel).

The opinion of the court was delivered by

Oliphant, J. This is an appeal by the plaintiff from a judgment entered against him in the Essex County Circuit Court upon a directed verdict in favor of the defendant. The single ground of appeal asserted is error in the action of the trial court in so doing.

The suit is a common law action in which it is alleged that the plaintiff, an employee of the defendant was, through its negligence, exposed to an atmosphere containing impurities which induced coughing which in turn resulted in reactivating a pre-existing dormant tuberculosis.

Defendant pleaded, among other defenses, that the plaintiff's illness resulted from an accident arising out of and in the course of his employment, and that plaintiff's exclusive right and remedy, if any, was under the Workmen's Compensation Law. *R. S.* 34:15–1. This was also urged by the defendant as one of the grounds on the motion for the direction of a verdict. The learned trial judge ruled that he did not consider the plaintiff had an occupational disease but rather that he had suffered an accident, and stated "I did not consider it an occupational disease. It is not a continuing action by the dust, but a situation where at a certain time it liberates the bacilli, as far as I can see." He further said that the cases of *Richter* v. *Dupont Co.*, 118 *N. J. L.* 404; *Kardos* v. *American Smelting and Refining Co.*, 132 *Id.* 579; and *Davies* v. *Onyx Oil Co.*, 130 *Id.* 381, seemed to hold such claims as the one in suit to be accidents.

We think he was in error.

In the Richter and Kardos cases there was a specific time at which the employee suffered his accident which occasioned his illness and disability. In the Davies case a question of fact was presented for the determination of the triers thereof. Here there was testimony to the following effect. Plaintiff began working for the defendant as a molder in December, 1940. His work brought him in contact with lead fumes and dust. He had, as stated, a dormant tubercular condition. In February, 1942, he began to cough quite steadily and he "felt himself slipping." After severe coughing spells on August 3d or 7th, 1942, he was compelled to stop work. A sputum test was made on September 9th and he was admitted to the Essex Mountain Sanatorium, where his ailment was determined to be a far advanced bilateral pulmonary tuberculosis. It was testified by an expert in chest diseases that the reactivation or lighting up of the original lesion or primary infection took place approximately a year prior to September, 1942, or at least by February, 1942.

The theory of the defense and the basis of the court's ruling in holding that the plaintiff had suffered an accident as contemplated by the Workmen's Compensation Act, was that the coughing spells of August 3d or 7th, when plaintiff was compelled to stop work, was a definite event and that at that time there was liberated the encapsulated organisms which were then allowed to react on his sensitive lung causing them to bring about a reactivated type of reinfection tuberculosis, and that such was an accident.

In contemplation of our statute *R. S.* 34:15–1 an "accident" is an event happening at a specific time or occasion, *Liondale Bleach Works* v. *Riker,* 85 *N. J. L.* 426, and tuberculosis is not a compensable disease unless it results from "accident" as that term is used in that act.

The court, by its ruling, apparently lost sight of the fact that the evidence could have led the jury to the conclusion that there was no single occasion on which the coughing brought about the reactivation of the tuberculosis and that it was a gradual process culminating in his disability on August 3d or 7th. As the evidence stood at the time of the motion reasonable men could have differed as to whether plain-

tiff's condition was brought about by an accident or not. In such a posture there was a fact question for submission to the jury. A verdict may be directed only on a court question arising from the admitted or uncontroverted facts of a case. *Dickinson* v. *Erie Railroad Co.,* 85 *N. J. L.* 586.

The judgment is reversed, with costs.