SIMON F. GLICK, PETITIONER-PROSECUTOR, v. WRIGHT AERONAUTICAL CORP., RESPONDENT-RESPONDENT.

Argued May 7, 1946—Decided September 17, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *David Cohn*.

For the respondent, *John W. Taylor*.

The opinion of the court was delivered by

WACHENFELD, J. This is a workmen's compensation case. The award made by the Bureau was reversed by the Passaic County Court of Common Pleas.

Prosecutor began his employment with respondent as a polisher in May, 1942, and for a period of eleven weeks thereafter operated a polishing machine, which because of a worn-out bearing vibrated excessively causing a jarring of his hand as he applied objects to the wheel and as a result thereof he developed a weakness in his left hand. On June 3d, 1942, while polishing a six pound rod, prosecutor's machine jammed causing the bar to slip and strike the back of his hand.

His petition claimed partial disability arising from the blow on June 3d, 1942. After the hearing before the Bureau, he amended his petition to allege the injury arose out of repeated jarring from the machine in May, 1942, upon which basis the award was made.

Examination of the record indicates the injury sustained did not result from an "accident" as required by *R. S.*

34:15–1. The proof shows the injury was caused by repeated jarring of the hand from excessive vibration, a fact admitted by petitioner through his amendment. There is no proof as to the time or the occasion when the accident occurred. *Liondale Bleach Works* v. *Riker*, 85 *N. J. L.* 426; *Smith* v. *International High, &c., Co.*, 98 *Id.* 574; *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *Id.* 512; *Dawson* v. *E. J. Brooks & Co.*, 134 *Id.* 94.

Prosecutor relies on the following cases to support his claim: *Elio* v. *Singer Manufacturing Co.*, 10 *N. J. Mis. R.* 606; *Schafer* v. *Bernard*, 18 *Id.* 119; *Richter* v. *E. I. Du Pont de Nemours & Co.*, 118 *N. J. L.* 404; *affirmed*, 119 *Id.* 427; *Mecca* v. *Phoenix Brass Fittings Corp.*, 124 *Id.* 6. These are not in point since in each instance injury was shown to arise from definite incidents and occasions although the exact date was not known and remained unproved.

There is no testimony to substantiate a definite traumatic episode and the proof is barren of the specific time or occasion when the alleged accident occurred; there is, therefore, no accident within the meaning of the Compensation Act.

Judgment affirmed, without costs.