IVANCIK v. WRIGHT AERONAUTICAL CORPORATION.

No. 7092.

District Court, D. New Jersey.

Oct. 21, 1946.

Ervan F. Kushner, of Paterson, N. J., for plaintiff.

John W. Taylor, of Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action brought by the plaintiff, an employee of the defendant, to enforce a claim for damages for personal injury, to wit, an occupational disease, allegedly sustained as the result of his exposure to certain deleterious substances in the course of his employment. The jurisdiction of the court rests solely on the diversity of citizenship.

The action is before the Court at this time on the motion of the defendant to dismiss the complaint under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. There are two grounds urged in support of this motion: first, the failure of the complaint to state a claim upon which relief can be granted; and second, the Court's lack of jurisdiction over the subject matter.

■ The complaint, which follows the usual form, contains all the allegations necessary to support the claim for relief. It alleges: the relationship of employer and employee, the exposure of the employee to injury, the negligence of the employer, and, the resulting injury and consequent damages. The complaint meets all the requirements of Rule 8(a) of the Rules of Civil Procedure and is therefore sufficient to withstand a mere formal motion made under Rule 12(b) (6) of the said rules.

■■ The complaint must be viewed in the light most favorable to the plaintiff and "so construed as to do substantial justice." Rule 8(f) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Carroll v. Morrison Hotel Corporation, 7 Cir., 149 F.2d 404, 406. It is well established that a complaint, viewed and construed according to those standards, should not be dismissed for insufficiency except where it appears to a certainty that the claim for relief therein asserted could not be sustained under any state of facts which could be proved in support of it. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635; Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305, 306; Sparks v. England, 8 Cir., 113 F.2d 579, 581, 582.

■ The present motion is predicated upon the failure of the complaint to "state a claim for relief or a cause of action," but the arguments of the defendant are directed solely to the failure of the complaint to state a cause of action. There is no requirement under the Rules of Civil Procedure that a complaint, or any other pleading, state a cause of action. Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775. The only requirement, prescribed by Rule 8(a) is "a short and plain statement of the claim showing that the pleader is entitled to relief." Continental Collieries v. Shober, Leimer v. State Mut. Life Assur. Co., Sparks v. England, supra.

■ The second ground urged by the defendant in support of the motion is predicated solely on the pertinent provisions [1] of

---

[1] "34:15-7: When employer and employee shall by agreement, either express or implied, as hereinafter provided, accept the provisions of this article, compensation for personal injuries to, * * * such employee by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employer, according to the schedule contained in sections 34:15-12 and 34:-15-13 of this title in all cases except when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of injury, and the burden of the proof of such fact shall be upon the employer."

"34:15-8: Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee himself and for compensation for his death shall bind * * *, as well as the employer, and those conducting his business during bankruptcy or insolvency."

"34:15-9: Every contract of hiring * * *, shall be presumed to have been made with reference to the provisions of this article, and unless there be as a part of such contract an express statement in writing prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of this article are not

the Workmen's Compensation Act of New Jersey, N.J.S.A. 34:15–1 et seq. It is contended that the subject matter of this action is cognizable only by the Commissioner of Labor, who has "exclusive original jurisdiction of all claims for compensation arising under" the Act. This contention is well founded only if the present claim for damages is in fact, as well as in law, such a claim for compensation as is subject to the elective provisions of the Act. Dawson v. E. J. Brooks & Co., 134 N.J.L. 94, 45 A.2d 892, 893; Butler v. Eberstadt, 113 N.J.L. 569, 175 A. 159; Smith v. International High Speed Steel Co., 98 N.J.L. 574, 120 A. 188. This fact, however, is not apparent upon the face of the complaint.

It is argued by the defendant that the injury, which is here made the basis of the plaintiff's claim for damages, is the result of an "accident," as that term is used in the Act. This argument raises a question of fact, or a mixed question of law and fact, Dawson v. E. J. Brooks & Co., Butler v. Eberstadt, both supra; Davies v. Onyx Oil & Resin Co., 130 N.J.L. 381, 33 A.2d 357, 358; Bryant v. Fissell, 84 N.J.L. 72, 86 A. 458, 460, which cannot be decided on the pleadings. The complaint does not allege an injury resulting from accident, but alleges an occupational disease resulting from continuous exposure to certain deleterious substances. Smith v. International High Speed Steel Co., supra. This allegation must be regarded as admitted for the purpose of the present motion.

The Court of Errors and Appeals of New Jersey, in the case of Bollinger v. Wagaraw Bldg. Supply Co., 122 N.J.L. 512, 6 A.2d 396, at page 399, has defined an occupational disease as follows: "An occupational disease is one that from common experience is visited upon persons engaged in a particular occupation, in the usual course of events. It is one that is incidental to the employment itself, e. g., painters become affected with lead colic or lead poisoning; telephone operators develop ear trouble; phosphorous poisoning is common to those who work in the manufacture of fireworks. These examples might be multiplied. In such instances they are injuries or diseases common to workers in those particular trades and, manifestly, do not usually arise by accident as the term 'accident' is commonly understood." See also: Glick v. Wright Aeronautical Corporation, N.J.L., 48 A.2d 792. The complaint in the present action alleges an "occupational disease," as thus defined.

It is further argued by the defendant that the injury of which the plaintiff here complains is an occupational disease compensable under the Act, to wit, "silicosis," as defined in the pertinent statute [2], N.J.S.A. 34:15–35.2. This argument likewise raises a question of fact which cannot be decided on the pleadings. The complaint alleges an occupational disease resulting from continuous exposure to "dust, grit, sand, metal particles, and other foreign materials," but there is no allegation that the disease is "silicosis." That the disease is silicosis is inferred by the defendant.

The defendant's attack on the court's jurisdiction is based primarily upon the contention that it is the burden of the plaintiff to negative the application of the Workmen's Compensation Act. It is our opinion that this contention is untenable. It has been held that "it is not the plaintiff's burden to prove that his action is outside the scope of the Workmen's Compensation Act, N.J.S.A. 34:15–1. Compare Butler v. Eberstadt, 113 N.J.L. 569, 175 A.

---

intended to apply, then it shall be presumed that the parties have accepted the provisions of this article and have agreed to be bound thereby."

"34:15–49: The commissioner, the deputy commissioners of compensation and the referees, appointed pursuant to law, sitting individually or together, shall have exclusive original jurisdiction of all claims for compensation arising under this chapter."

[2] 34:15–35.2: (a) "Silicosis" means a disease of the lungs, due to breathing air containing silicon dioxide ($SiO_2$) dust, *characterized anatomically by generalized fibrotic changes in the lungs*, with a development of miliary nodulation, demonstrable by X-ray examination or by autopsy, resulting from any process or occupation involving the inhalation of silicon dioxide ($SiO_2$) dust. (Emphasis by the court.)

159. That would be a matter of defense to be advanced by the defendant." Dailey v. Mutual Chemical Co. of America, 125 N.J.L. 465, 16 A.2d 557, affirmed 126 N.J.L. 426, 19 A.2d 778. The case of McNutt v. Adams Express Co., 94 N.J.L. 487, 111 A. 13, cited by the defendant, is apposite only in the situation therein discussed, but has no application here.

The motion is denied.