13 N.J. Super. 294 (1951)
80 A.2d 337
MARGARET PTAK, PETITIONER-APPELLANT,
v.
GENERAL ELECTRIC COMPANY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided April 20, 1951.
*296 Mr. Morton Stavis, attorney for the petitioner-appellant.
Messrs. McCarter, English and Studer (Mr. Verling C. Enteman appearing), attorney for the respondent-respondent.
NAUGHRIGHT, J.C.C.
The petitioner appeals from a determination as amended by subsequent order entered by the Deputy Director of the Workmen's Compensation Division which granted the respondent's motion to dismiss the petition, made at the close of the petitioner's case, on the ground that the evidence does not show petitioner sustained an accident arising out of and in the course of her employment within the meaning of the Workmen's Compensation *297 Act. The deputy director found "that the petitioner has not proven that she sustained an accident arising out of and in the course of her employment with the respondent but rather the proof was that her condition was merely an occupational one."
The testimony in the case up to this point is briefly as follows:
The petitioner testified that her regular work was that of stem operator which required mainly using her fingers; that on the night of November 21, 1949 she was assigned to different work, inspection of lamps, which involved also the "making" of boxes requiring that a cardboard box be picked up, folded and placed on the floor again every three minutes; that the job was so fast that she could not do it; that this work commenced at 3:30 in the afternoon of this day; that about 9:00 P.M. during this bending operation she experienced pain in the lower part of her back and "could not straighten up"; that she continued working for ten or fifteen minutes and then asked her foreman for a helper which he assigned to her about a half-hour later; that she told him that her arm, which he knew she had injured ten months before, was bothering her because she did not want to complain about her back; that the balance of the evening she was no longer required to perform the bending operation; that the following day and for the rest of the week she worked at her regular sitting job as stem operator; that during this week she continued to experience pain and treated herself; that the following Monday, November 28, she was again put on inspection work and worked all day without a helper although she felt pain; that she did not ask for a helper because she thought the pain would go away; that on Tuesday, November 29 she had pain in her back and legs and could not report for work; that on Wednesday, November 30, she called Dr. Charles Flax who saw her that day and on numerous occasions thereafter; that he gave her a prescription, strapped her back, gave diathermy treatments and prescribed a back supporter.
*298 Dr. Flax testified that he first saw the petitioner at her home on Nobember 30, 1949 and found her complaining of pain in the lower back region which at that time he diagnosed as a lower back sprain; that he treated her on numerous occasions through April 1950 giving diathermy treatments and restrapping her back.
Dr. Max Kummel testified that he examined the petitioner on September 11, 1950 and that his diagnosis was a right sacroiliac sprain. In reply to a hypothetical question encompassing in substance the above facts, Dr. Kummel testified that in his opinion the condition and the disability of seven and a half per cent of total which he found in his examination is causally related to the incident of November 21, 1949.
The respondent stipulated that it had actual knowledge of the occurrence of an alleged incident within the time required by the Workmen's Compensation Act.
This court does not agree with the tribunal below that the petitioner's proofs show that her condition was merely occupational.
In Liondale Bleach Works v. Riker, 85 N.J.L. 426 (Sup. Ct. 1914) the court established the time-honored test "that where no specific time or occasion can be fixed upon as the time when the alleged accident happened, there is no injury by accident." The court went on to say that "There may indeed be compensation awarded for the resulting conditions where you can once put your finger on the accident from which they result."
In Bollinger v. Wagaraw Building Supply Co., 122 N.J.L. 512 (E. & A. 1939), the court defined an occupational disease as one "that from common experience is visited upon persons engaged in a particular occupation, in the usual course of events. It is one that is incidental to the employment itself, e.g., painters become affected with lead colic or lead poisoning; telephone operators develop ear trouble; phosphorous poisoning is common to those who work in the manufacture of fireworks." The court went on to explain that "In such instances they are injuries or diseases common to *299 workers in those particular trades and, manifestly, do not usually arise by accident as the term `accident' is commonly understood."
In Glick v. Wright Aeronautical Corp., 24 N.J. Misc. 94 (C.P. 1945), affirmed 134 N.J.L. 436 (Sup. Ct. 1946), the Court of Common Pleas said:
"I am convinced that the term `injury' as used in the Workmen's Compensation Act, N.J.S.A. 34:15-1, et seq., comprehends only such injuries as are accidental in origin and cause and not such conditions as are regularly expected as the result of a person doing his regular work in the regular way without the intervention of an undesigned, unintended or unexpected occurrence."
In applying the foregoing tests to the facts in the case sub judice this court finds that where the uncontradicted proofs of the petitioner point to a specific time of alleged accident, i.e., 9:00 P.M. on November 21, 1949, and where there has been no showing that the condition is common to workers in the trade, and it is indicated that the work in which she was engaged at that time was not her regular work being done in the regular way, the finding that the petitioner has shown an occupational condition is not justified by the proofs submitted.
It is uniformly held that where an employer seeks to attribute disability to a cause for which he is not responsible, the burden of proof in that regard is on the employer. Serignese v. Air Reduction Sales Co., 135 N.J.L. 317 (Sup. Ct. 1947).
It remains to be determined whether upon the facts and the law the petitioner has shown a right to relief. Rule 3:41-2. On a motion to dismiss, the court cannot weigh the evidence but must take as true all the evidence which supports the view of the party against whom the motion is made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. Andre v. Mertens, 88 N.J.L. 626 (E. & A. 1915); Visaggi v. Frank's Bar & Grill, 4 N.J. 93 (1950).
*300 In order to make this determination in the light of the testimony presented by the petitioner and governed by the foregoing rules, it is necessary to consider whether the petitioner has established a prima facie claim by showing an injury which resulted from an accident arising out of and in the course of employment within the Workmen's Compensation Act, R.S. 34:15-7, as interpreted by the courts.
An accident is an unlooked for mishap or untoward event which is not expected or designed, Bryant v. Fissell, 84 N.J.L. 72 (Sup. Ct. 1913), an event happening at a specific time or occasion, Dawson v. E.J. Brooks, 134 N.J.L. 94 (Sup. Ct. 1946). It is not necessary that an accidental injury to be compensable be the result of traumatic force. Bollinger v. Wagaraw Building Supply Co., supra.
The courts have held that in any case an accident will not be found unless the evidence establishes a definite, particular strain or exertion incident to the employment. Sunkimet v. Senger Coal & Ice Corp., 137 N.J.L. 103 (Sup. Ct. 1948), and cases cited. The fact that the strain or exertion was not an unusual one is no ground for denial of an award. Mills v. Monte Christi Corp., 10 N.J. Super. 162, 76 A.2d 839 (App. Div. 1950).
It is apparent from the testimony of the petitioner that the job was so fast that she could not do it, and that a bending operation was required every three minutes. There was exertion incident to the employment.
In addition to strain or exertion incident to employment, the petitioner must also show a causal connection between the work done and the injury complained of, i.e., that it is related to or affected by the employment  that the employment was a contributory cause. Ciocca v. National Sugar Refining Co., 124 N.J.L. 329 (E. & A. 1940).
It is also to be noted that the petitioner need only establish that the claimed conclusion from the facts is a probable or a more probable hypothesis with reference to the possibility of other hypotheses. Sunkimet v. Senger Coal & Ice Corp., supra.
*301 The instant case in many respects would seem to be similar to that of Wright v. Westinghouse Electric & Mfg. Co., 134 N.J.L. 581 (Sup. Ct. 1946), affirmed per curiam 135 N.J.L. 460 (E. & A. 1947), where the court held that the testimony of the workman that he suffered a strain while moving a desk was sufficiently corroborated by events and medical testimony to justify the refusal of a nonsuit notwithstanding the petitioner failed to immediately report the accident, had applied for sick benefits, and the testimony of fellow workers was of a negative character. See also Van Meter v. E.R. Morehouse, Inc., 13 N.J. Misc. 558 (Sup. Ct. 1935), cited with approval in the Mills case, supra, in which the court found that
"Obviously, the sprain to the back from the excessive tugging from the protracted work of the morning was one of the contributing causes without which the old arthritic condition would not have occurred. The employee testified that while he was pulling out great weeds and bushes he experienced a pain in his back. * * * A sprain of the back, and such it was pronounced by competent medical opinion, is obviously an accident, and as it arose out of and in the course of the employment, the prosecutor was entitled to compensation."
After careful review of all the testimony in this case in the light of the applicable principles of law, it is the determination of this court that the proofs of the petitioner are sufficient to establish prima facie the elements of a compensable accident.
The determination of the deputy director dismissing the petition is reversed and the case remanded to the Workmen's Compensation Bureau for further proceedings.