SMITH, Justice.
Appellant, Pascal Lee, filed a claim against Lumberton Manufacturing Company and Consolidated Underwriters, its workmen’s compensation insurance carrier, for compensation on account of an injury to his back alleged to have occurred in the course of his employment by Lumberton Manufacturing Company.
The Attorney Referee awarded temporary total disability compensation for the period beginning April 14, 1960, the date of the alleged injury, to July 11,1960. He was *824 allowed compensation thereafter for permanent partial disability. These awards were affirmed by the Workmen's Compensation Commission. The circuit court reversed and entered judgment disallowing all compensation. From that judgment Pascal Lee has appealed here.
Appellees strongly insist that there was no substantial evidence to support the finding by the Attorney Referee and Commission that appellant had sustained an injury to his back during the course of his employment. On this point, the evidence is not strong, but we cannot say that it is insufficient to support a finding that an incident did occur, which arose out of his employment, that resulted in the temporary aggravation of a pre-existing back condition.
Admittedly, appellant had a history of back trouble dating back to 1943. In that year, he filed suit for damages based upon a claim of injury to his back. He alleged in his declaration that his back was wrenched and injured, that he had to quit his work immediately, that he would never again be able to engage in manual or heavy labor, and that such injury was severe, painful and permanent. He has been treated for this injury before and after the alleged injury which forms the basis of his present claim.
Analysis of the medical findings, however, discloses that on July 11, 1960, he had been restored to his former condition, as it existed prior to the happening of the incident on April 14, 1960, and the disability resulting from that injury had subsided.
This case is controlled by Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 594, 115 So.2d 674, 676 (1959), in which this Court said:
“The rule in this State is that when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. A corollary to the rule just stated is that when the effects of the injury have subsided, and the injury no- longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable. (Emphasis added.)
The circuit court reversed the Commission and disallowed all compensation. We think that he was correct in disallowing compensation for permanent partial disability, but erred in disallowing the award of temporary total disability benefits from April 14, 1960 to July 11, 1960, with attendant medical expenses, as made by the Attorney Referee and affirmed by the Commission.
Therefore, the judgment will be modified to the extent only that the order of the Workmen’s Compensation Commission allowing temporary total disability benefits from April 14, 1960 to July 11, 1960, with attendant medical expenses is reinstated. As so modified, the judgment will be affirmed.
Affirmed, as modified.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.