260 So.2d 188 (1972)
Chance YOUNGBLOOD
v.
RALPH M. PARSONS COMPANY and Travelers Insurance Company.
No. 46569.
Supreme Court of Mississippi.
March 20, 1972.
Rehearing Denied April 17, 1972.
Holleman & Necaise, Breland & Barnett, Gulfport, for appellant.
Daniel, Coker, Horton, Bell & Dukes, Gulfport & Jackson, Thomas H. Suttle, Jr., Jackson, for appellees.
*189 INZER, Justice:
This is a workmen's compensation case and comes to this Court from the Circuit Court of Jackson County and involves the question of whether the rule applied in Rathborne, Hair and Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So.2d 674 (1959), is applicable. There it was said:
The rule in this State is that when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. A corollary to the rule just stated is that when the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable.
(237 Miss. at 594, 115 So.2d at 676).
The commission held that claimant, Chance Youngblood, suffered an accidental injury, a transient myocardial ischemia, while carrying a water pump and hose weighing some 300 pounds, and that the injury aggravated claimant's pre-existing arteriosclerosis. The commission awarded claimant temporary total benefits for five weeks but denied any permanent disability benefits, although claimant had been unable to work since the time of his injury on August 13, 1968.
The question is whether the commission was manifestly wrong in finding that the effects of the injury to the claimant had subsided and that the injury no longer combined with his pre-existing arteriosclerosis to produce disability. We hold that the commission was manifestly wrong in so holding and that the circuit court was in error in affirming the order of the commission.
Appellees offered no testimony before the attorney referee, and the evidence in this case is undisputed. Claimant, fifty-six years of age, was employed by appellee, Ralph M. Parsons Company, as a carpenter's helper, but his duties required him to do whatever was necessary to be done, such as digging ditches and moving heavy equipment. On August 13, 1968, he and John Bullock, a co-worker, were ordered by their foreman to move a pump, weighing about 300 pounds, a distance of about 100 feet. They lifted the pump, and, after carrying it a part of the distance, claimant experienced severe chest pains and told Bullock he could no longer carry the pump. After they put the pump down, the foreman sent claimant to the first aid station. Bullock and two other co-workers completed the moving of the pump. Claimant continued to suffer severe pains and nausea. He was transported to the Singing River Hospital, was placed in the emergency room, and was administered oxygen. He was treated by Dr. Findley G. Maier, an internal medical specialist, who kept him in the hospital for twenty-three days. He was still under the care of Dr. Maier at the time of the hearing. Claimant had never experienced any chest pains prior to this incident and had performed heavy manual labor all his life. The only time he had ever been to a doctor in recent years was when he was treated for influenza on one occasion. The evidence is also undisputed that he had been unable to work since the date of his injury. He was unaware he had any heart disease, and it had never affected his ability to perform heavy work prior to this injury.
The testimony of Dr. Maier was the only basis on which the commission could reach the conclusion that claimant's present disability was solely due to his pre-existing disease. After a careful review of his testimony, we find that it does not afford any substantial basis for such a finding. Dr. Maier testified that it was first thought that claimant had an acute myocardial infarction, but after several electrocardiograms and enzyme studies, he reached the conclusion that claimant had myocardial ischemia, which in his opinion was precipitated *190 by the heavy lifting. He said that ischemia is the failure of the heart to be supplied with sufficient blood. The increased physical exertion created a greater demand on the heart and due to the underlying disease process, the heart was unable to meet the demand, resulting in ischemia. He stated that if this had been a clear cut case of myocardial infarction, he would not be willing to state that the lifting of the heavy pump necessarily had any relationship to the acute event. It is apparent that Dr. Maier follows that school of thought that a myocardial infarction cannot be precipitated by strenuous physical activity. He testified on cross-examination that a patient should recover from the effects of an episode of acute ischemia, such as claimant experienced, in a period of four or five weeks. But he testified that claimant had angina at the time he left the hospital, that he continues to have angina, and that he is unable to go back to work doing the same type of work he performed prior to this injury. He also stated that arteriosclerosis does not prevent one from working, if he has no acute episode. Dr. Maier had seen claimant on several occasions since he was discharged from the hospital and prescribed for him Isordiltembids, a long acting form of nitroglycerine, and quinidene. He also testified that claimant could have suffered a coronary infarction after his release from the hospital, but that he had no clinical evidence to substantiate that he did. Dr. Maier made no disability rating of claimant, but stated his condition was such that he could not with safety perform heavy manual labor and that his disability was permanent.
It is clear from the evidence in this case that claimant established a compensable injury and the commission properly so found. It is also clear as a result of this injury claimant is permanently disabled to perform the same kind of work that he was doing prior to the injury. Having established a compensable injury and its continuance, the burden of proof was upon the employer-carrier to show not only a pre-existing infirmity which contributed to the results following the injury, but also the degree to which it contributed to the permanent disability. The doctor was certain that claimant had arteriosclerosis, which everyone has to some degree. However, we are of the opinion that his testimony does not substantiate the finding that claimant's present disability is entirely due to his pre-existing arteriosclerosis. Here we have a case of no functional disability prior to injury with the undisputed fact of functional disability after the injury, although the same infirmity existed before and after. Where, as here, the facts are undisputed, the legal effect of the evidence and the ultimate conclusions drawn by the commission from the facts are questions of law. The commission was manifestly wrong in holding that claimant's present permanent disability is entirely due to his pre-existing infirmity. Even though it might be said that this is a doubtful case, the doubt should be resolved in favor of compensation so that the purpose of the act may be carried out. M.T. Reed Constr. Co. v. Garrett, 249 Miss. 892, 164 So.2d 476 (1964).
For the reasons stated, the judgment of the circuit court affirming the order of the commission is reversed and this cause is remanded to the commission for the payment of additional compensation based upon a hearing and a determination by the commission of the degree of claimant's permanent disability to be apportioned in accordance to the degree that claimant's pre-existing infirmity contributed to his disability.
Reversed and remanded.
GILLESPIE, C.J., and JONES, BRADY and SUGG, JJ., concur.