# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-CC-00411 COA

**LINDA ENZOR**

**APPELLANT**

**v.**

**JUNIOR FOOD STORES, INC. AND UNITED STATES FIDELITY GUARANTY COMPANY**

**APPELLEES**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ROBERT WALTER BAILEY

COURT FROM WHICH APPEALED: LAUDERDALE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

KENNETH S. WOMACK

ATTORNEY FOR APPELLEES:

DAVID H. LINDER

NATURE OF THE CASE: WORKERS' COMPENSATION

TRIAL COURT DISPOSITION: TEMPORARY TOTAL DISABILITY AWARDED

BEFORE FRAISER, C.J., BARBER, AND SOUTHWICK, JJ.

FRAISER, C.J., FOR THE COURT:

On December 27, 1988, Linda Enzor (Enzor), a sales clerk for Junior Food Store (employer) in Meridian, was injured in a work-related accident. During the course of preparing a display, Enzor injured her back and right leg while lifting a box of candy. Enzor had no prior history of back trouble, although at the time of her accident she weighed 298 pounds. The administrative law judge (ALJ) found Enzor to be temporarily totally disabled from the date of the injury until July 24, 1989, and permanently partially disabled from July 24, 1989 for 450 weeks at $25.00 a week. Additionally, the ALJ found Enzor to be entitled to the cost of all of her medical treatment, supplies, and a prescribed weight loss program. The Mississippi Workers' Compensation Commission (commission) affirmed the ALJ's finding of a compensable injury, but found Enzor's date of maximum medical recovery to be April 27, 1989. Moreover, the commission did not find any permanent partial disability as a result of the work-related injury, nor the necessity for a prescribed weight loss treatment. The Lauderdale County Circuit Court affirmed the commission's decision. On appeal to this Court, Enzor presents the following issues:

> I. WHETHER THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FAILED TO APPLY THE APPROPRIATE LEGAL STANDARD BY IGNORING *STUART'S INC. V. BROWN* AND ITS PROGENY IN FAVOR OF A "*RATHBORNE* COROLLARY" ANALYSIS OF ENZOR'S CLAIM.

> II. ASSUMING THE COURT FINDS IN FAVOR OF ENZOR ON THE ABOVE ISSUE, THE COURT SHOULD ADDRESS HER RIGHT TO MEDICAL TREATMENT FOR OBESITY PURSUANT TO MISSISSIPPI CODE ANNOTATED § 71-3-15.

Finding no error, we affirm.

FACTS

At the time of her injury on December 27, 1988, Enzor was thirty-three (33) years old and had been employed with Junior Food Stores for over a year. Her responsibilities as sales clerk included running the cash register, stocking the coolers and shelves, and performing janitorial duties. Enzor had a GED and experience as a waitress, short-order cook, and psychiatric aide. She injured her back and right leg while lifting a box of candy for a display. Enzor slipped and heard a pop as she twisted her back. She went to her supervisor and told him of her pain. On December 29, 1988, Enzor went to a family medical clinic and was examined by Dr. Chauvin. According to Enzor, he treated her that one time, telling her to take off a week from work to recuperate from what he thought was a strained muscle. Dr. Chauvin did not testify at trial.

Dr. Chauvin referred Enzor to Dr. Abangan, a neurosurgeon practicing in Meridian. Dr. Abangan's findings as well as the findings of the other doctors who examined Enzor are contained in the

commission's findings of fact as follows:

> Dr. Rolando Abangan, a neurosurgeon, examined claimant once on January 12, 1989. Her problems were due primarily to her being significantly overweight, and not traceable to any her obesity."
>
>                                                                                               Dr.
>
> noted complaints of pain in the low back area but no objective medical findings to indicate could very well contribute to delay of her recovery. Although Dr. Berry did not have the ben a weight loss program to Ms. Enzor and a return to normal activity with only temporary impairment.

Dr. John Robinson, an orthopedic surgeon, saw Claimant on April 27, 1989. Even

> though Enzor continued to allege pain, Dr. Robinson "found no evidence of a sufficient medical difficulty, an impairment of any significant degree based on the examination at this time." He returned her to her family physician with no physical restrictions. Dr. Charlie J. Talbert, Jr., an orthopedic surgeon, saw Claimant three times, once on June 26, 1989, and again on July 6 and July 21, 1989. Again, Enzor complained of pain in the lower back radiating into the right foot. After extensive testing, Dr. Talbert diagnosed "low back pain without significant neurological finding, right radicular type leg pain, early degenerative disk disease at L4-5 and at L5-S1 suspected, although not proven." Even assuming disc problems were proven, Dr. Talbert could not relate these problems to Enzor's work anymore than he could to her weight and age. He considered weight loss very important for Ms. Enzor, not only as a means to alleviate her back pain, but also to increase the ability of doctors to perform other tests and make a better diagnosis.

Dr. Talbert did not believe Enzor was malingering, which "is why [he] gave her

> the benefit of the doubt with an impairment rating" of 5% to the body as a whole. He acknowledged this rating was based on Enzor's subjective complaints of pain which have persisted for more than six months, and was not due to any objective medical findings.
>
> Dr. J. L. Valentine, a family practitioner, saw Claimant several times between March 9, 1989 and September 18, 1990. Enzor's condition did not change over this period of time, except that her weight continued to go up, and Dr. Valentine considered her weight to be a very significant problem. Other than one positive straight leg raising test, Dr. Valentine found no objective neurological causes to support Enzor's complaints of pain in the lower back. Ultimately, he had nothing in the way of treatment to offer Enzor, and he strongly recommended she lose weight. He encouraged her to return to normal activity and avoid any heavy lifting.
>
> Dr. Valentine believed Enzor probably did hurt her back initially, but due to her weight, she was unable to fully recover and developed "more of a chronic pain syndrome than a medical back problem."Although he felt Enzor was obviously unable to function at full capacity, Dr. Valentine had no objective medical basis upon which to base an impairment

rating, and he refused to assign a permanent disability rating because most of her problems were modifiable, and therefore not permanent, principally through weight loss, physical therapy, and psychological therapy.

It is undisputed that Enzor was overweight at the time of her accident.

> I. WHETHER THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FAILED TO APPLY THE APPROPRIATE LEGAL STANDARD BY IGNORING *STUART'S INC. V. BROWN* AND ITS PROGENY IN FAVOR OF A "*RATHBORNE* COROLLARY*" ANALYSIS OF ENZOR'S CLAIM.

Enzor argues that the commission applied the wrong legal standard in reviewing her case, and therefore this Court must look past our familiar standard of review and overturn the circuit court's affirmance of the commission. In so arguing, Enzor relies on the case of *Stuart's Inc. v. Brown*, 543 So. 2d 649 (Miss. 1989). Her reliance is misplaced. *Brown* involved an injured worker with a permanent total disability. *Id.* at 649. While the employer-carrier tried to apportion the costs based on a preexisting back condition, the Mississippi Supreme Court held that where the evidence establishes that there exists "a preexisting (symptomatic or asymptomatic) condition which causes the employee to experience no pre-injury occupational disability, apportionment may not be ordered." *Id.* at 655. The sole issue in the *Brown* case was apportionment. In Enzor's case, apportionment was not an issue. Enzor is not in the same position as Brown, because there was no objective medical evidence showing Enzor had a permanent work-related disability. Enzor next argues that the commission erroneously relied on the so-called "*Rathborne* corollary." The Mississippi Supreme Court stated in *Rathborne, Hair & Ridgeway Box Co. v. Green*, 237 Miss. 588, 594, 115 So. 2d 674, 676 (1959), that when a preexisting disease or condition "of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable." A corollary to that rule states that "when the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable." *Rathborne*, 115 So. 2d at 676. In Enzor's case, there was no objective medical evidence that she suffered any permanent disability. However, the "*Rathborne* corollar y" would apply to her preexisting condition when her temporary disability terminated.

The standard of review for appellate review of compensation claims is narrow at best. It is well settled that "[t]he Commission is the ultimate fact-finder." *Hardin's Bakeries v. Dependent of Harrell*, 566 So. 2d 1261, 1264 (Miss. 1990). "Accordingly, the Commission may accept or reject an administrative judge's findings." *Id.* In the case *sub judice*, the commission rejected the permanent partial disability findings of the ALJ after studying the record testimony of Enzor's doctors and the applicable law. Our standard of review is set forth in *Delta CMI v. Speck*:

> Under settled precedent, courts may not hear evidence in compensation cases. Rather, their scope of review is limited to a determination of whether or not the decision of the commission is supported by the substantial evidence. If so, the decision of the commission

should be upheld. The circuit courts act as intermediate courts of appeal. The Supreme Court, as the circuit courts, acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts; . . . "[W]hile appeals to the Supreme Court are technically from the decision of the Circuit Court, the decision of the commission is that which is actually under review for all practical purposes."

As stated, the substantial evidence rule serves as the basis for appellate review of the commission's order. Indeed, the substantial evidence rule in workers' compensation cases is well established in our law. Substantial evidence, though not easily defined, means something more than a "mere scintilla" of evidence, and that it does not rise to the level of "a preponderance of the evidence." It may be said that it "means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred."

*Delta CMI v. Speck*, 586 So. 2d 768, 772-73 (Miss. 1991) (citations omitted). "This Court will reverse an order of the Workers' Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence." *Mitchell Buick, Pontiac & Equip. Co. v. Cash*, 592 So. 2d 978, 980 (Miss. 1991) (citations omitted).

The commission found no permanent impairment or disability based on the findings of the doctors who examined Enzor. Dr. Abangan, a neurosurgeon, saw Enzor on January 12, 1989, and opined that Enzor's back problems were related to her being so overweight, and he could not find any objective indicia of injury. Dr. Berry, an orthopedic surgeon, saw Enzor on January 23, and noted that Enzor complained of low back pain, but no objective findings to indicate a specific cause of the pain. He put only mild limitations on her and suggested she return to normal activity.

Another orthopedic surgeon, Dr. Robinson, found no significant degree of impairment when he saw Enzor on April 27, 1989. He placed no physical restrictions on her and sent her back to her family physician. Dr. Talbert, an orthopedic surgeon practicing in Pensacola, Florida, saw Enzor three different times--June 26, 1989; July 6, 1989; and July 21, 1989. Again, no objective medical findings related any back problems, but based on Enzor's complaints, Dr. Talbert gave her a five percent (5%) impairment rating to the body as a whole.

Enzor saw a family practitioner, Dr. Valentine numerous times between March 9, 1989 and September 18, 1990. Over the period of time that she saw Dr. Valentine, Enzor's condition did not change, except for her weight climbing to over 350 pounds. Dr. Valentine realized that Enzor had pain, but found no objective evidence of injury. Dr. Valentine believed that because of her weight, Enzor had developed a chronic pain syndrome coupled with depression over her condition. Nonetheless, Dr. Valentine would not assign a permanent disability rating because her weight and resulting condition was modifiable.

Based on the medical and other evidence adduced, the commission found that Enzor reached maximum medical recovery on April 27, 1989, and suffered no permanent impairment from her work-related injury. The commission's findings are undergirded by substantial evidence, and we are

without authority to reverse their decision.

> II. ASSUMING THE COURT FINDS IN FAVOR OF ENZOR ON THE ABOVE ISSUE, THE COURT SHOULD ADDRESS HER RIGHT TO MEDICAL TREATMENT FOR OBESITY PURSUANT TO MISSISSIPPI CODE ANNOTATED § 71-3-15.

Section 71-3-15 of the Mississippi Code allows for continuing medical services and supplies "for such period as the nature of the injury or the process of recovery may require." This section does not apply to Enzor because she has reached maximum medical recovery and suffered no permanent disability. Her weight problem, standing alone, is not compensable. If Enzor's work-related injury combined with her weight infirmity to produce temporary disability, under *Rathborne* her right to compensation and medical treatment for weight infirmity (obesity) ceased when the temporary effects of her injury subsided. This issue is meritless.

**THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY AFFIRMING THE DECISION OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION IS AFFIRMED. COSTS ARE TAXED TO APPELLANT.**

**BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**