McMILLIN, C.J.,
dissenting:
¶ 16. I respectfully dissent. It is my view that this case is controlled by the “corollary” to a general rule of interpretation of workers’ compensation law announced in Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So.2d 674 (1959). In setting out both the rule and the corollary, the Mississippi Supreme Court said:
The rule in this State is that when a preexisting disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. A corollary to the rule just stated is that when the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable.
Id. at 676 (emphasis supplied).
¶ 17. In this case, Fowler had suffered a back injury at work in 1992, the severity of which was unquestionably attributable in part to the existence and resulting aggravation of a pre-existing degenerative disk disease. The evidence is undisputed that Fowler was compensated for this 1992 injury and that she subsequently returned to work. Though she reported that she continued to experience back pains after returning to work, the record is clear that her symptoms were not disabling. Neither is there any expert testimony differentiating her continuing complaints of pain between her injury and the pre-existing diseased condition of her spine.
¶ 18. Nearly two years after her initial injury, in 1994, Fowler felt a popping sensation in her back while she was at home preparing to report to work. As a result of that episode, Fowler experienced symptoms similar to those associated with her earlier job-related injury and was hospital *1187 ized for a time. After returning to work on a light duty status, Fowler made a claim for permanent partial disability compensation, alleging that the 1994 complications were directly traceable to her 1992 on-the-job injury. The Commission, by adopting the administrative judge’s findings and conclusions, determined that the 1994 disability represented the natural progression of her condition that had its inception with the 1992 injury at work, or, alternatively, that the 1992 injury made Fowler so susceptible to this type of injury that it was compensable despite the intervening non-work-related event.
¶ 19. Though we are obligated to give substantial deference to the Commission’s findings, we must nevertheless reverse the Commission when we determine that there is not substantial evidence in the record to support the Commission’s decision. Hollingsworth v. I.C. Isaacs & Co., 725 So.2d 251 (¶ 11)(Miss.Ct.App.1998). In this case, I am satisfied that there simply is no competent credible medical evidence to support either of the alternative theories that (a) the 1994 incident was merely an aggravation of an unresolved medical condition traceable to the 1992 injury, or (b) that the 1992 injury left Fowler in such a debilitated state that some additional spinal injury was essentially inevitable.
¶ 20. The majority attempts to shift the burden of proof to the employer by treating this as an “intervening cause” case, which it is not. Insofar as the record reveals, Fowler had made a recovery from the 1992 injury by 1994. Her treating physician, Dr. Wood, was the only person who spoke to that question. His contemporaneous written diagnosis of Fowler’s condition as the result of a visit some three months prior to the 1994 incident was: “I see no significant findings other than degenerative disk disease.” Dr. Blanchard, another treating physician, acknowledged that Fowler’s degenerative disk disease predated her 1992 injury and was not work-related. “[I]t’s just something that comes with age and just wear and tear on the spinal column just over the years,” she testified in her deposition.
¶ 21. The majority attempts to find substantial evidence to connect Fowler’s 1994 symptoms to her 1992 work injury in the testimony of Dr. Blanchard, but, at best, her testimony is equivocal. Her opinion of some connection between the 1994 symptoms and the 1992 incident was based on nothing more than Fowler’s own medical history, given to Dr. Blanchard for the first time in 1994. However, later in her testimony, Dr. Blanchard was asked, “So it would be a fair statement to say that she had recovered from the incident of November of ’92 until she was brushing her hair on July 20 th of ’94; is that right?” Dr. Blanchard replied, “That’s correct. That was the implied idea that I got from her.”
¶ 22. The best indication of the unpersuasive nature of Dr. Blanchard’s evidence is that the Commission, in making its findings, made no reference to Dr. Blanchard’s testimony. Rather, the Commission, in concluding that Fowler’s “back problem was a mere continuation of ongoing back problems that date back to the date of her injury of November 2, 1992,” relied on the “close proximity of claimant’s last doctor visit for back pain in April 1994 and the onset of back problems on July 20, 1994.... ” That April 1994 doctor’s visit was to Dr. Wood, however, and not to Dr. Blanchard. This visit was, in fact, the very one where Dr. Wood concluded that the only detectable symptoms presented by Fowler related to her degenerative disk disease.
¶ 23. It is that finding by Dr. Wood, which is uncontradicted on the record, that invokes the corollary to the general rule quoted above. The medical evidence is overwhelming that Fowler had made a recovery from the 1992 injury and that its effects had subsided. The fact that Fowler was still experiencing back problems was, by all available medical evidence, traceable solely to the circumstance that she suffered from degenerative disk disease that predated her 1992 injury. That *1188 she somehow aggravated this non-work-related condition once again in 1994 while at home does nothing to create a right of compensation under our workers’ compensation laws.
¶ 24. As to the alternative theory that Fowler’s 1992 injury somehow left her particularly susceptible to additional similar injuries, that is a finding that finds no support in the record. The only indication of Fowler’s continued susceptibility to injury, based on all of the medical evidence, was her degenerative disk disease.
¶ 25. I would reverse and render the judgment in Wal-Mart’s favor.
SOUTHWICK, P.J., JOINS THIS SEPARATE WRITTEN OPINION.