CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 50. Finding that the Commission and the AJ erroneously admitted the unresponsive defense expert witness deposition testimony of Dr. Vohra in violation of its own rules, I respectfully concur in part and dissent in part with the majority. The Commission should follow its own procedural rules in conducting its duties of administering workers' compensation claims and should not admit evidence in contravention to those rules when to do so thwarts due process.
 
 See
 

 Pulliam v. Miss. State Hudspeth Reg'l Ctr.
 
 ,
 
 147 So.3d 864
 
 , 869-71 (¶¶ 18-25) (Miss. Ct. App. 2014) (finding that an AJ erroneously erred in the admission of unauthenticated medical evidence and that "due process dictates that the Commission ... follow its own procedural" rules). As reflected in the record, Dr. Vohra's refusal to respond to deposition cross-examination questions regarding his potential financial bias thwarted Wright's due-process rights and violated the Commission's own procedural rules. Due to this discovery transgression, Wright was thereby precluded, in violation of the Commission's own rules, from discovering relevant bias impeachment evidence bearing on the credibility, reliability, and trustworthiness of Dr. Vohra's expert testimony.
 

 ¶ 51. In the case before us, Turan-Foley's
 
 [14]
 
 expert witness, Dr. Vohra, failed to submit a proper basis for his refusal to answer deposition questions posed to him on cross-examination by Wright's attorney regarding Dr. Vohra's potential financial bias. The procedural history in the record reflects that at the hearing on the merits, the AJ allowed the record to be left open for thirty days to allow Turan-Foley to later enter its Exhibit 4-Dr. Vohra's deposition
 with exhibits-into the record. The AJ acknowledged that Dr. Vohra's deposition had not yet been taken at the time of the hearing. Wright filed his subpoena duces tecum on October 23, 2015, requesting that Dr. Vohra produce
 

 various information and documents relating to his performance of and income from similar work performed in the last five years and all financial documents related to independent, [Mississippi Rule of Civil Procedure] 35, or employer-requested medical examinations during the same time period, as well as complaints filed against him and treatises[.]
 

 ¶ 52. Dr. Vohra's deposition was taken on November 3, 2015. After Dr. Vohra's deposition, Wright filed a motion requesting that the AJ preclude Dr. Vohra's deposition transcript from being entered into evidence or, in the alternative, to strike the deposition of Dr. Vohra from the record. The AJ's order quashing Wright's subpoena duces tecum was subsequently entered December 17, 2015. In the order quashing the subpoena duces tecum, the AJ found that the subpoena was "unreasonable and oppressive." However, the AJ's order failed to set forth any finding that Dr. Vohra possessed any existing right of privilege that would allow him to refuse to answer oral deposition questions that were relevant to the claims or defenses raised by the parties. The AJ's order also failed to set forth any findings as to the legal standard applied to the discovery transgression or to Wright's motion to strike Dr. Vohra's unresponsive deposition testimony. Dr. Vohra's refusal to answer a relevant deposition question is a separate and distinct matter from moving to quash and refusing to respond to the subpoena duces tecum.
 

 ¶ 53. In his order denying Wright's motion, the AJ cited his prior order quashing the subpoena duces tecum issued to Dr. Vohra and providing that "Dr. Vohra shall not be required to answer further questions in this case regarding his income earned from conducting [EMEs], [IMEs], or produce documents set out in [Wright's] [s]ubpoena [d]uces [t]ecum." The AJ's order effectively prevented Wright from discovering any financial bias of Dr. Vohra without any determination or legal authority to allow Dr. Vohra to refuse to answer relevant deposition questions, in violation of the Commission's rules. Note, pursuant to Mississippi Code Annotated section 71-3-15(3) (Supp. 2017), the Commission possesses authority to regulate the reasonableness of charges and fees by medical providers for testimony and for completion of medical records and reports. Moreover, employee claimants are required to submit to such examinations in controverted cases or risk suspension of payment.
 
 See
 

 Miss. Code Ann. § 71-3-37
 
 (Rev. 2011) (establishing the Commission's authority to order medical examinations in controverted cases). Due process is not served by requiring a claimant in a controverted case to participate in an EME and then prohibiting the claimant from discovering the potential bias of the physician conducting the examination and testifying for the employer.
 

 ¶ 54. As stated, this Court has held that "due process dictates that the Commission is to follow its own procedural due process principles in conducting its duties of administering workers' compensation claims."
 
 Rankin v. Averitt Express Inc.
 
 ,
 
 115 So.3d 874
 
 , 877 (¶ 13) (Miss. Ct. App. 2013).
 
 [15]
 
 Procedural Rule 2.9 of the Rules of the Mississippi Workers' Compensation
 Commission provides "[d]epositions may be taken and discovery had by any party in accordance with the Mississippi Rules of Civil Procedure relating to depositions and discovery ( Rules 26 - 37 )." The Commission's Procedural Rule 2.8 further provides that the general rules of evidence are relaxed so as to allow introduction of any relevant and competent evidence. Based on the Commission's own relaxed procedural rules providing for the introduction of relevant and competent evidence, Dr. Vohra should have been required to answer the relevant deposition questions pertaining to potential financial bias. Mississippi Rule of Civil Procedure 26(b) also provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party." When Wright attempted to cross-examine Dr. Vohra regarding a list that Dr. Vohra had previously provided in a different case about such income in prior years, Turan-Foley objected, explaining that the list of income sources was marked for identification purposes and not as a part of the evidence in the record. Dr. Vohra was clearly testifying as a defense expert witness about the EME he conducted at the request of Turan-Foley. Dr. Vohra admitted that he kept financial records but he did not personally maintain the financial information; rather, he had his billing staff compile financial information for him. In continuing the attempted cross-examination, Wright's counsel asked Dr. Vohra if he would estimate that the income reflected in the previously disclosed list would be about the same level with his current come from his IME, EME, and DME practice now. However, counsel for Dr. Vohra, a nonparty witness, objected and would not let Dr. Vohra answer this question as to whether his estimated current income from his IME, DME, and EME practice was consistent with that previously disclosed. In objecting, Dr. Vohra's counsel provided that he did not want his client to answer because the information was subject to a motion to quash. Wright's counsel then again asked Dr. Vohra if such current income would be about the same as it was back in 2012 and 2013. Again, counsel for Dr. Vohra objected, and Dr. Vohra expressly stated that he did not want to discuss his financial information and that he was not going to discuss it.
 

 ¶ 55. However, neither Turan-Foley, Dr. Vohra, nor Dr. Vohra's counsel raised any existing privilege that would entitle Dr. Vohra to refuse to answer a relevant deposition question about his current income from the preceding two years derived from EMEs, IMEs, and DMEs. Except for the purpose of preserving a privilege, the Mississippi Rules of Civil Procedure do not provide for counsel to instruct a witness not to answer a question at a deposition, even if the question is indeed objectionable.
 
 See
 
 M.R.C.P. 30. Objections should be made at the time of the deposition and "shall be noted upon the transcription or recording. Evidence objected to shall be taken subject to the objections." M.R.C.P. 30(c) ;
 
 see also
 

 Banks v. Office of the Senate Sergeant-at-Arms
 
 ,
 
 222 F.R.D. 1
 
 , 6 (D.D.C. 2004) ;
 
 Ethicon Endo-Surgery v. U.S. Surgical Corp.
 
 ,
 
 160 F.R.D. 98
 
 , 99 (S.D. Ohio 1995).
 

 ¶ 56. In addition to the failure to assert any existing privilege that would protect him from answering the deposition questions, Dr. Vohra also failed to follow procedures set forth in the Mississippi Rules of Civil Procedure to limit or terminate the deposition.
 
 See
 

 Miss. Bar v. Land
 
 ,
 
 653 So.2d 899
 
 , 907 (Miss. 1994), reinstatement granted,
 
 682 So.2d 1049
 
 (Miss. 1996) (quoting
 
 The Miss. Bar v. Mathis
 
 ,
 
 620 So.2d 1213
 
 , 1221 (Miss. 1993) ) ("The proper procedure ... [is] to object to the interrogatories and deposition question and
 affirmatively assert the privilege, leaving the matter to be decided by the court.").
 
 [16]
 

 ¶ 57. In addressing the impact of the transgressing testimony upon due process, the record reflects that the AJ and the Commission relied heavily on Dr. Vohra's expert testimony, EME report, and his expert opinion for the defense. The record also reflects that Dr. Vohra did not conduct an MRI on Wright, but nonetheless found that despite Wright's increased pain and swelling in his knee, and despite his work duties that required him to perform hard labor on a concrete floor, Wright suffered an exacerbation, but not an aggravation. In contrast to the testimony of Wright's treating physicians, Dr. Vohra also opined that such exacerbation was not causally related to the workplace injury asserted by Wright. However, Mississippi Code Annotated section 71-3-3(b) (Rev. 2011) defines an injury arising out of and in the course of employment as one that "results from an untoward event or events, if contributed to or aggravated or accelerated by employment in a significant manner." Jurisprudence has likewise recognized compensability "when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury."
 
 Rathborne, Hair & Ridgeway Box Co. v. Green
 
 ,
 
 237 Miss. 588
 
 , 594,
 
 115 So.2d 674
 
 , 676 (1959). Dr. Vohra's potential bias, his credibility as a witness, and the credibility of his EME and related expert opinion were certainly at issue before the AJ and the Commission.
 
 [17]
 
 Clearly, Dr. Vohra's refusal to answer questions at the deposition regarding any potential financial bias defeated Wright's ability to discover relevant information pertaining to Dr. Vohra's credibility and the reliability of his expert opinion and EME report.
 
 See
 

 Mueller Copper Tube Co. v. Upton
 
 ,
 
 930 So.2d 428
 
 , 437 (¶ 35) (Miss. Ct. App. 2005) ("The Workers' Compensation Commission is entitled to favor the testimony of a treating physician over a physician who had seen the claimant only once.").
 
 [18]
 

 ¶ 58. I turn to an application of the standard of review and applicable law to this case. Our standard of review recognizes the trial court's considerable discretion in discovery matters, and "[t]his Court will affirm a trial court's decision unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors."
 
 T.L. Wallace Constr., Inc. v. McArthur, Thames, Slay, & Dews, PLLC
 
 , No. 2015-CA-01596-SCT,
 
 234 So.3d 312
 
 , 336,
 
 2017 WL 2812752
 
 , at *20 (¶ 92) (Miss. June 29, 2017) (internal quotation marks omitted). "In determining whether a judgment fell within the discretion of the trial court, we first ask if the trial court applied the correct legal standard."
 

 Tucker v. Delta Reg'l Med. Ctr.
 
 ,
 
 189 So.3d 690
 
 , 692 (¶ 4) (Miss. Ct. App. 2016) (internal quotation marks omitted) (citing
 
 City of Jackson v. Rhaly
 
 ,
 
 95 So.3d 602
 
 , 607 (¶ 10) (Miss. 2012) ). As acknowledged by the majority, the questions posed by Wright to Dr. Vohra at the deposition in issue constituted relevant questions, and Dr. Vohra asserted no right or privilege that would excuse him from answering the deposition questions relevant to financial bias regarding his compensation relative to IME, DME, and EME practice.
 
 [19]
 
 Clearly, neither a party nor a deponent can restrict access to witnesses or relevant discoverable evidence at a deposition absent the existence of privilege. Dr. Vohra's deposition testimony was admitted and relied upon heavily without determining the impact of the discovery violation, the violation of the Commission's own procedural rules, and the violation of the Mississippi Rules of Civil Procedure upon due process and the rights of the parties.
 

 ¶ 59. Instructive to the impact on due process, in
 
 Moore v. Delta Regional Medical Center
 
 ,
 
 23 So.3d 541
 
 , 546 (¶ 17) (Miss. Ct. App. 2009), this Court acknowledged the four-factor test applicable to determine whether excluding evidence for a transgression in discovery is an appropriate sanction. The
 
 Moore
 
 Court, citing
 
 Mississippi Power & Light Company v. Lumpkin
 
 ,
 
 725 So.2d 721
 
 , 733-34 (¶ 60) (Miss. 1998), noted that the supreme court's four-factor test is follows: "(1) the explanation for the transgression; (2) the importance of the testimony; (3) the need for time to prepare to meet the testimony; and (4) the possibility of a continuance."
 

 Id.
 

 The
 
 Moore
 
 Court explained that:
 

 The first consideration involves a determination whether the failure was deliberate, seriously negligent[,] or an excusable oversight. The second consideration involves an assessment of harm to the proponent of the testimony. The third and fourth considerations involve an assessment of the prejudice to the opponent of the evidence, the possibility of alternatives to cure that harm and the effect on the orderly proceedings of the court.
 

 Id.
 

 (quoting
 
 Lumpkin
 
 ,
 
 725 So.2d at 733-34
 
 (¶ 60) ). Again, the record reflects that upon considering Dr. Vohra's unresponsive deposition testimony, the AJ and the Commission failed to consider the transgression against its own procedural rules for discovery and the impact of the transgressing deposition testimony upon the demands of due process. While the Commission is not bound by common law, it is bound by due process and its own procedural rules.
 

 ¶ 60. The majority opinion asserts that since Wright did not file a motion to compel, then Wright possesses no avenue for relief for the harm resulting from the discovery transgressions stemming from Dr. Vohra's refusal to answer relevant deposition questions. However, in this case, Wright filed a motion to strike Dr. Vohra's deposition testimony for his intentional refusal to answer, and the trial court possessed the authority to grant that motion due to the discovery transgressions regardless of whether a motion to compel was filed.
 
 [20]
 
 Wright did not seek dismissal
 of Dr. Vohra or an entry of judgment against Turan-Foley. Rule 37(a) provides that a party "may apply for an order compelling discovery" where "a deponent fails to answer a question propounded" or where "an entity fails to make a designation under Rules 30(b)(6)" or and for other discovery transgressions.
 
 [21]
 
 That Rule 37(a) uses the word "may" plainly means that it does not require a party to file a motion to compel before moving to strike the transgressing testimony. Rather, as discussed, jurisprudence reflects that the Commission is required to follow its own procedural rules to comply with the demands of due process.
 
 See
 

 Pulliam,
 

 147 So.3d at 869
 
 (¶ 18) ;
 
 see also
 

 Salts v. Gulf Nat. Life Ins. Co.
 
 ,
 
 872 So.2d 667
 
 , 670, 673 (¶¶ 4, 12) (Miss. 2004) (Defendant has a duty to cooperate with discovery and where a party or persons designated "to testify on behalf of a party fails to obey an order to provide or permit discovery," the court can issue "such orders in regard to that failure as are just, and among others[,]" include an order striking pleadings, or parts thereof, dismissal, or rendering by default against the disobedient party.). The record reflects that neither the AJ nor the Commission applied the appropriate legal standard when considering the defense's discovery transgression or Wright's motion to strike related thereto.
 

 ¶ 61. Pursuant to the Mississippi Workers' Compensation Act, the Commission's own procedural rules are relaxed to allow for the introduction of relevant and competent evidence, and these Commission rules provide that deposition testimony shall be taken in accordance with Rules 26 - 37. The Mississippi Rules of Civil Procedure and the Commission's rules should not be manipulated to prevent a claimant from discovery of relevant impeachment evidence and evidence of potential bias of the employer's medical expert who conducted the EME to which the claimant was required to submit. As acknowledged in
 
 Pulliam
 
 ,
 
 147 So.3d at 869
 
 (¶ 18), "due process dictates that the Commission ... follow its own procedural-due-process principles in conducting its duties of administering workers' compensation claims."
 
 [22]
 
 In this case, similar to
 
 Pulliam
 
 , the AJ erroneously allowed the admission of evidence in violation of those rules. To serve the demands of due process, I would reverse and remand this case to the Commission.
 
 See
 
 Vardaman S. Dunn,
 
 Mississippi Workers' Compensation
 
 § 31 (3d ed. 1990).
 

 WESTBROOKS, J., JOINS THIS OPINION.
 

 As explained by the majority, Turan-Foley's insurance carrier is also a party. I refer to the employer and carrier collectively as Turan-Foley.
 

 See also
 

 Miss. Code Ann. § 71-3-47
 
 (Rev. 2011) (providing that "the details of practice and procedure in the settlement and adjudication of claims shall be determined by rules of the [C]ommission....").
 

 See generally
 

 In re Stratosphere Corp. Sec. Litig.
 
 ,
 
 182 F.R.D. 614
 
 , 617-18 (D. Nev. 1998) (discussing objections during depositions pursuant to the Federal Rules of Civil Procedure). Moreover, Rule 30(d) places the burden on Turan-Foley or the deponent, Dr. Vohra, to move to terminate the deposition and "[u]pon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order." M.R.C.P. 30(d).
 

 See
 
 M.R.E. 616 ("Evidence of a witness's bias, prejudice, or interest-for or against any party-is admissible to attack the witness's credibility.");
 
 See also
 

 Tellus Operating Grp. LLC v Texas Petroleum Inv. Co.
 
 ,
 
 105 So.3d 274
 
 , 281 (¶ 24) (Miss. 2012).
 

 In
 
 Mueller
 
 ,
 
 930 So.2d at 437
 
 (¶ 35), the physician who performed the IME on the claimant evaluated the claimant only once. The claimant's treating physician, however, "was able to observe first-hand [the claimant's] progressively worsening Achilles tendon and back condition that occurred over a four and a half year period."
 

 Id.
 

 at (¶ 36).
 

 See
 
 M.R.C.P. 26(b)(1).
 
 See also
 

 Scott By & Through Scott v. Flynt
 
 ,
 
 704 So.2d 998
 
 , 1004 (Miss. 1996) (citing M.R.C.P. 26(b)(1) ) ("It is understood that evidence does not have to be admissible to be discoverable, only relevant. Likewise, it is also understood that the objection that evidence sought would ultimately be inadmissible does not prohibit its discoverability so long as it is 'reasonably calculated to lead to the discovery of admissible evidence.' ").
 

 See
 

 Miss. Code Ann. § 71-3-55
 
 (1) (Rev. 2011) ("[T]he [C]ommission shall not be bound by common law or statutory rules of evidence ... but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties.").
 

 See
 

 Bowie v. Montfort Jones Mem'l Hosp.,
 

 861 So.2d 1037
 
 , 1042 (¶ 13) (Miss. 2003) (Failure to comply with time frame within which to complete discovery warranted exclusion of plaintiff's untimely designated expert.).
 

 See
 

 United States v. Templeton
 
 ,
 
 624 F.3d 215
 
 , 223 (5th Cir. 2010) ("The potential bias of a witness 'is always relevant as discrediting the witness and affecting the weight of his testimony.' ");
 
 Thurber Corp. v. Fairchild Motor Corp.
 
 ,
 
 269 F.2d 841
 
 , 845 (5th Cir. 1959) (A witness's employer may be "regarded as a relevant circumstance to be considered by the jury as showing bias or interest, and a fortiori where the witness is an employee of a party who has an interest in the recovery, his employment may be shown for the same reason.");
 
 Thompson Mach. Commerce Corp. v. Wallace
 
 ,
 
 687 So.2d 149
 
 , 152 (Miss. 1997), abrogated on other grounds by
 
 Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n
 
 ,
 
 964 So.2d 1100
 
 , 1118 (¶ 45) (Miss. 2007) ) ("Parties may liberally cross-examine proffered witnesses regarding bias and interest." The supreme court found that evidence of a witness's separation package "may have either created an issue of bias or interest or formed a basis of [the witness's] opinion.").